ALBANY,
Jan. 1814.

JULLIAND
v.
BURGOTT.

JULLIAND *against* BURGOTT AND BURGOTT.

In an action of
debt on a bond
conditioned
"to free the
land,&c. from
all legal en-
cumbrances,
either by deed
or mortgage,
or otherwise,
now in exist-
ence and bind-
ing on the pre-
mises, by the
20th of Fe-
bruary, 1812,"
the plaintiff
assigned the
breach by fol-
lowing and ne-
gativing the
words of the
condition; this
was held insuf-
ficient, as such
assignment did
not *necessarily*
amount to a
breach, and
the plaintiff
ought to have
shown some
existing en-
cumbrance on
the 20th of Fe-
bruary, 1812,
or at the com-
mencement of
the suit.

THIS was an action of debt on a bond, dated 3d *December,* 1811, with a condition that the defendants should secure cer- tain lands (sold and conveyed by *Peter Burgott* and wife, by a warranty deed, dated the 30th of *September,* 1811, to *Henry Van Vliet,* and conveyed by him, by deed, dated the 3d of *De- cember,* 1811, to the plaintiff) in the peaceable and quiet posses- sion of the plaintiff, his heirs and assigns, "free from all legal encumbrances, either by deed or mortgage, or otherwise, now in existence and binding on the premises," &c. and it was expressly agreed and understood that the defendants were "to see the lands free from all encumbrances, as above mentioned, by the 20th of *February,* 1812," &c. The plaintiff averred that the defendants, although often requested, &c. did not free, nor cause to be freed, the land above described from all legal encum- brances, either by deed, mortgage, or otherwise, then in exist- ence, and binding on the premises, by the 20th of *February,* 1812, &c. in the words of the condition.

The defendants demurred to the declaration, and there was a joinder in demurrer, which was submitted to the court without argument.

*Per Curiam.* Without noticing other points in the case, the declaration is bad in substance, in not assigning a sufficient breach. The breach is, that the defendants "did not free the land from all legal encumbrances, either by deed, mortgage, or otherwise, then in existence and binding on the premises, by the 20th of *February,* 1812." This was following and negativing the very words of the condition of the bond; but unless such an assign- ment necessarily amounts to a breach, it is insufficient, and here it does not; for *non constat,* that there was any existing encum- brance on the 20th of *February,* 1812. The condition spoke hypothetically of legal encumbrances, either by deed, mortgage, or otherwise, then in existence. It did not refer to any particu- lar encumbrance, nor was any alluded to in the recital to the condition. By the generality of the terms, and by the words *or otherwise,* it is most apparent that the bond was taken for greater caution, and to guard against any such encumbrance

which *might* then be in existence. It was incumbent, therefore, on the plaintiff to have shown at least some existing encumbrance at the commencement of the suit, or on the 20th *February*, the time referred to in the bond. He has shown none; there is, then, no certain cause of action appearing in the declaration, and the defendants are entitled to judgment, with leave to the plaintiff to amend on the usual terms.

ALBANY,
Jan. 1814.

OVERSEERS OF
BLENHEIM
v.
OVERSEERS OF
WINDHAM.

Judgment for the defendants.