<hr />

JOSEPH S. WILSON

*vs.*

NEHEMIAH P. CLARKE.

In an action to recover damages for a breach of an agreement, when, by the terms of the agreement, the obligation to do an act is conditional, and depends on a contingency, other than an act to be done by the plaintiff, the complaint must state facts showing the obligation to perform, and negativing the performance; otherwise the complaint is bad on demurrer. A general allegation in such case, that the defendant neglected and refused to do the act " according to the terms of said agreement," is an averment of a conclusion of law, and is not sufficient.

In an action to recover damages for the breach of an agreement, if the complaint properly alleges a breach of the agreement by the defendant, the general allegation, that the plaintiff was damaged by such breach in a gross sum, is a sufficient allegation of damages to sustain the complaint on a demurrer thereto.

Appeal from an order of the district court for Stearns county, overruling a demurrer to the complaint. The complaint sets forth a written agreement between the parties, in which is recited a contract of the defendant with the United States, for the transportation of military supplies, and by

which the plaintiff agrees to provide teams, wagons and teamsters for the transportation of such supplies and other freight for the defendant, and to transport said freight, &c.; and the defendant agrees, in consideration of the premises, "to furnish and deliver to the party of the first part, (the plaintiff,) freight for transportation by said teams and wagons, * * * as the same shall be received and delivered to him by the United States authorities, under said herein first recited contract, or from other sources, and to pay him for the transportation thereof, as follows," &c. The contract contains various other provisions not necessary to be here stated.

After reciting the contract, the complaint proceeds: "That this plaintiff fulfilled all his said undertaking in said agreement contained; that said defendant neglected and refused to furnish to him, this plaintiff, freight for transportation, according to the terms of said agreement; that this plaintiff was damaged by reason of such neglect and refusal by said defendant, as aforesaid, in the loss of the use of the teams, and the labor of the men kept and employed by this plaintiff for the purpose of performing his, this plaintiff's, part of said agreement, in the full sum of fifteen hundred dollars," for which sum judgment is demanded.

HAMLIN & SEARLE, for Appellant.

OSCAR TAYLOR, for Respondent.

*By the Court.*—McMILLAN, CH. J.— The agreement upon the part of Clarke, the appellant, was not an unconditional one; it was, to deliver to the plaintiff freight for transportation, as it should be received by, and delivered to him by the United States authorities, under the agreement with Spurr, or other sources, and under the further qualifications stated in the agreement. Under the terms of the agreement upon which

this action is brought, until freight was delivered to Clarke, and the happening of the other contingencies mentioned in the agreement, there was no obligation upon him to deliver freight to the plaintiff for transportation, and, in the absence of the obligation to deliver, the neglect or refusal to deliver would not be a breach of the agreement.

The averment, "that said defendant neglected and refused to furnish to him, the plaintiff, freight for transportation, *according to the terms of said agreement*," states a conclusion of law, and as no facts are stated in the complaint, justifying such conclusion, it amounts to nothing. (*Schenck vs. Naylor*, 2 *Duer*, 676.) The complaint should have averred, in a proper manner, the delivery of freight to Clarke, and any other fact necessary to create the obligation upon Clarke to deliver freight to the plaintiff, and then have negatived the performance of the agreement by Clarke.

In assigning a breach of an agreement, "If the matter to be performed by the defendant depend on some other event, it seems proper, not merely to assign the breach in the terms of the contract, but first to aver that such event took place; as in debt on a bond, conditioned that a collector of poor rates should render an account of moneys received, it should be averred that he did receive moneys, and then, that he did not render an account of such moneys." 1 *Chitty Pl.* 333; *Juliand vs. Burgott*, 11 *Johns.* 6.

The second point made by the appellant is, that no facts, showing any damage to the plaintiff, are set forth in the complaint. Assuming the breach of the agreement to be well pleaded, under the allegation of damages in the complaint the plaintiff would be entitled to recover some amount, which, although merely nominal, would avoid the demurrer.

Without further examining the question, it seems to be at least doubtful, whether, in the absence of further allegations,

the plaintiff could recover more than nominal damages, but that is a question we do not now determine.

The order overruling the demurrer is reversed.