## THE WESTERN UNION TELEGRAPH COMPANY *v.* HOPKINS.

PLEADING.—*Demurrer to Complaint does not go to Damages.*—*Damages.*—In an action for the breach of a contract by defendant, whereby, it is alleged, plaintiff suffered damages in the loss of advantage he otherwise would have realized from other contracts made by him, a demurrer to the complaint, wherein the contract between plaintiff and defendant and the breach thereof by defendant are averred does not raise the question of the liability of defendant for consequential damages, by reason of the loss of such advantage suffered by plaintiff. The contract with defendant and its breach by him being alleged, the amount of damages is not to be decided by demurrer.

SAME.—*Copy of Written Instrument.*—*Demurrer.*—*Statute of Frauds.*—Under the code, in an action upon a contract which is not alleged to be in writing, and the original or a copy of which is not filed with the complaint, the presumption is, that the contract is not in writing; and if the contract is such as is, by the statute, required to be in writing, the objection may be taken by demurrer.

SAME.—*Contract.*—*Action On.*—*Telegraph Despatch.*—*Evidence.*—In an action against a telegraph company for failure to transmit a despatch, by reason of which the plaintiff lost the advantage of certain contracts made by him

with other parties, the action is not founded on such contracts, but on the contract of the company to send and deliver the despatch; therefore said contracts with other parties may be proved, under the allegations of the complaint, to have been in writing.

PRACTICE.—*Excessive Damages.*—*Motion for New Trial.*—That the damages assessed by the court upon the trial were excessive, cannot be presented for the consideration of the Supreme Court, except by making it a reason for a new trial in the court below.

EVIDENCE.—*Telegraph Despatch.*—*Secondary Evidence.*—In an action against a telegraph company for damages for failure to transmit a despatch, the original despatch delivered to the operator must be given in evidence, or if not its absence must be properly accounted for before secondary evidence thereof can be admitted.

From the Laporte Circuit Court.

*W. H. Calkins,* for appellant.

*L. A. Cole* and *J. A. Thornton,* for appellee.

DOWNEY, J.—Hopkins, the appellee, brought his action against the telegraph company, to recover damages alleged to have been sustained by him, by reason of the negligence of the appellant in failing to transmit and deliver a message entrusted to it by him for that purpose, at its office in Chicago, in the State of Illinois. The message was to have been transmitted from Chicago to Michigan City, in this State, and was as follows:

" To H. M. Hopkins: Tell Kellogg I take the brick. Home to-morrow. (Signed)    J. T. HOPKINS."

The complaint was in two paragraphs, to each of which a demurrer was overruled, whereupon the appellant filed an answer of general denial.

There was a trial by the court, which resulted in a finding for the appellee, his damages being assessed at two hundred and fourteen dollars and twenty cents, and a judgment in his favor for that amount, the motion of the appellant for a new trial having been overruled. The proper exceptions were reserved at each stage of the case, and the evidence is in the record by a bill of exceptions.

There are but two errors assigned, viz.:

1. Overruling the demurrers to the several paragraphs of the complaint.

2. Overruling the motion of the appellant for a new trial.

We will consider these in their order; and, first, were the demurrers correctly overruled?

The case made by the first paragraph of the complaint is this: Hopkins, the appellee, had entered into a contract with one Kellogg, at Michigan City, Indiana, for the purchase, by the former from the latter, of the brick in a certain kiln, estimated at one hundred and fifty thousand, more or less, at an agreed price of ten dollars per thousand, Kellogg agreeing to hold the brick for Hopkins till the close of a certain day, during which time it was to be optional with Hopkins whether he would take them or not; that Hopkins on that day went to Chicago and made a contract for the sale of the same brick to certain parties there at an advanced price; that thereupon, at about three o'clock in the afternoon, he went to the office of the appellant in Chicago, and delivered to its operator there the message hereinbefore referred to for transmission to his brother and agent at Michigan City, and paid the charges for its transmission; that appellant, by reason of the negligence and carelessness of its servants, failed to transmit and deliver said message until noon of the next day; that in consequence of such failure Kellogg sold the brick to other parties, though he could and would have delivered them to the appellee, had said message been delivered at the proper time; that, by reason of said negligence and failure, the appellee was deprived of the advantage he would otherwise have realized from his contracts, and was thereby damaged five hundred dollars.

The second paragraph differs from the first only in treating the arrangement between the appellee and Kellogg as a proposition by the latter to sell the brick to the former, and that the message alluded to was the acceptance of that proposition, attempted to be communicated to Kellogg through the instrumentality of the appellant.

Counsel for the appellant says: "Our first objection to

each count of the complaint is, that it does not allege that the appellee was compelled to or became liable to pay any damages, or was otherwise injured in the alleged failure of the appellant to deliver the message, except in the loss of speculative gains and profits, which, under certain contingencies, he might have made. This the law does not allow."

We do not deem it necessary to consider this question in deciding the demurrer.

The complaint alleges the making of a contract by the defendant and the violation of it. This shows that the plaintiff has a cause of action for some amount in damages, and what that amount shall be is not a question to be decided upon a demurrer to the complaint.

The next objection urged is, "that the supposed contract alleged between the appellee and Kellogg is within the statute of frauds, and could not have been enforced by either against the other.

"No writing is filed with the complaint, nor is any writing referred to therein; this court will, therefore, presume that the contract was verbal.

"Neither is it alleged that anything was paid as earnest to bind the bargain, or that the property, or any part of it, was delivered by Kellogg to the appellee; and the amount or value of the subject of the contract largely exceeds fifty dollars, to wit, one hundred and sixty-three thousand brick at ten dollars per thousand."

We think this position untenable. At common law, where a contract required by the statute of frauds to be in writing was declared upon, it was unnecessary to allege in the declaration that it was in writing. But it has been held, under the code, where a contract in writing is declared on, the original or a copy of it must be filed with the complaint; and if it is not alleged to be in writing, and the original or a copy is not filed, the presumption arises that the contract is not in writing; and if the contract is such as is required by the statute to be in writing, the objection may be taken by demurrer. But if the contract is such as might be valid without being in writing, as a con-

tract for the sale of goods, where there is part payment, etc., the objection cannot be raised by demurrer. *Harper* v. *Miller*, 27 Ind. 277.

The action in the case under consideration is not on the contract for the sale of the brick, but is on the contract to send and deliver the despatch. The contract with reference to the sale of the brick may be proved, under the allegations of the complaint, to have been in writing, if that is necessary, although that fact is not alleged. Hence, this objection to the complaint must be disallowed.

The following are the grounds for a new trial urged in the circuit court:

1. The finding of the court is contrary to the evidence.

2. It is contrary to law.

3. The court erred in admitting the paper to be read in evidence, purporting to be a message to one H. M. Hopkins, it being the only one introduced in evidence, over the objection of the defendant, etc.

Counsel for appellant discusses, at considerable length, the question as to the amount of damages awarded by the court. As the finding of the court was not questioned on this ground by the motion for a new trial, we cannot consider the question.

The last reason for a new trial should have prevailed. The original telegram or despatch should have been used as evidence, or its absence properly accounted for, before secondary evidence was allowed. *Durkee* v. *The Vermont Central R. R. Co.*, 29 Vt. 127 ; *Williams* v. *Brickell*, 37 Miss. 682 ; *Matteson* v. *Noyes*, 25 Ill. 591.

In the first named case, the question is discussed as to what is the original. In the case under consideration, however, there is no doubt but that the despatch delivered to the operator was the original.

The judgment is reversed, with costs, and the cause remanded for a new trial.