# WISNER v. BARBER.

DAMAGES FOR BREACH OF CONTRACT.—Actual damages include the direct and actual loss which a party sustains when hindered or prevented from completing his contract. The loss sustained includes the loss of profits which would have been realized as the immediate and necessary result of the fulfillment of the contract.

IDEM.—The damages in such case resulting necessarily from the breach of the contract upon the part of the defendant, it is not necessary that they should be specially stated in the complaint.

APPEAL from Multnomah County.

By the Court, LORD, J.:

This was an action brought to recover damages, based upon a written contract to erect a certain building as therein specified, for the consideration of $500, by reason of the defendant's preventing its fulfillment. At the trial, the plaintiff offered to prove the profits of which he was deprived by the termination of the contract by the defendant, which, upon objection, the court refused to allow him to prove, and this constitutes the ground of error upon which a reversal is sought. Actual damages include the direct and actual loss which a party sustains when hindered or prevented from completing his contract. The loss sustained includes the loss of profits which would have been realized as the immediate and necessary result of the fulfillment of

the contract. Such profits growing out of the contract itself as one of its direct and legitimate fruits, constitute a just and proper element of the damages to be recovered against the party whose breach of the contract has prevented such profits from being realized. They are a part and parcel of the contract, and are supposed to have entered into the contemplation of the parties when the contract was made, and to deny them, would be to give the delinquent party the benefit and advantage of his own wrong. They must be certain, however, in their nature, and in respect to the cause from which they proceed. In *Marbiton* v. *The Mayor, &c., of Brooklyn*, which is a leading case, the court say: "But profits or advantages which are the direct and immediate fruits of the contract entered into between the parties, stand upon a different footing. These are a part and parcel of the contract itself, entering into and constituting a portion of its very elements; something stipulated for, the right to the enjoyment of which is just as clear and plain as the fulfillment of any other stipulation. They are presumed to have been taken into consideration and deliberated upon before the contract was made, and formed perhaps the only inducement to the arrangement. The parties may, indeed, have entertained different opinions concerning the advantages of the bargain, each supposing and believing that he had the best of it; but this is mere matter of judgment going to the formation of the contract, for which each has shown himself willing to take the responsibility, and therefore must abide the hazard. Such being the relative position of the contracting parties, it is difficult to comprehend why, in case one party has deprived the other of the gains or profits of the contract by refusing to perform it, this loss should not constitute a proper item in estimating the damages. To separate it from the general loss would seem to

be doing violence to the intention and understanding of the parties, and severing the contract itself." The principle of this case as to the allowance of profits are now well established. (*Delvin* v. *Mayor, &c.*, 63 N. Y., 25; *Fox* v. *Harding*, 9 Cush., 522; *Burrill* v. *New York, &c.*, 14 Mich., 38; *Hay* v. *Gronoble*, 34 Penn. St., 10; Sedgwick on Damages, 7 ed., vol. 1, p. 120, note a.)

The weight of these authorities press heavily upon the case of the respondent, and to avoid the force of them he contends that the profits should be pleaded. It is true that all damages, however specially alleged, must, to authorize a recovery, be the natural result of the act complained of. But here it is important to note the distinction between those damages which may be recovered under the general allegation of damages, and those which must be specially pleaded. Damages are either general or special. General, when they are such as the law implies or presumes to have accrued from the wrong complained of. Special, when they are such as really took place and are not implied by law, and are superadded to general damages arising from an act injurious in itself. (Chitty's Pleading, 395; Sedgwick, *supra*; 2 Col., 606.) The former, being the direct and immediate result of the act complained of, and necessarily arising out of it, can be recovered under the general allegation of damages, without stating their particular nature, or how they arose, because the law implies or presumes such damages to follow the breach of the contract or the act or wrong complained of. But the latter, not necessarily resulting from the act complained of, are not implied by law, and require the particular damage which the plaintiff has sustained to be specially alleged, or he will not be permitted to give evidence of it. (*Laraway* v. *Perkins*, 10 N. Y., 374; *Dumont* v. *Smith*, 1 Denio, 322; *Burrill* v. *New*

*York, &c.,* 14 Mich., 38.) And the damages in this case resulting necessarily from the breach of the contract upon the part of the defendant, it is not necessary that they should be specially stated in the complaint. From these views, it follows that the judgment must be reversed, and a new trial ordered.

Judgment reversed.