[Filed April 30, 1891.]

SUNNYSIDE LAND CO. v. WILLAMETTE BRIDGE RAILWAY CO.

BREACH OF CONTRACT — COMPLAINT, SUFFICIENCY OF. — Where a complaint sets up a contract and alleges a breach thereof, a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, is not well taken, since plaintiff is entitled to nominal damages at least.

PLEADING — DEMURRER TO COMPLAINT DOES NOT GO TO RULE OF DAMAGES. — If the allegations by which plaintiff seeks to lay down the rule for the measure of his damages are insufficient or irrelevant, the defect cannot be reached by demurrer, so long as the other parts of the complaint contain a sufficient statement.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals. Reversed.

The complaint in this action alleges substantially that on March 24, 1888, plaintiff, being the owner of a tract of land in East Portland, known as Sunnyside, entered into a written contract with the defendant company for the construction, within four months from said date, and the operation for thirty years, from June 1, 1887, of a street railway from the foot of Morrison street, in the city of Portland, to said tract of land, and as a consideration for which, plaintiff was to pay to said defendant the sum of $10,000 and furnish the right of way for said road; that by the terms of said agreement, among other things it was provided that defendant should cause cars to be run over said railroad, each and every day, from 6 o'clock A. M. until 8 o'clock P. M., so that a car shall pass every point on said railroad every fifteen minutes in each direction, and between the hours of 8 o'clock P. M. and 11 o'clock P. M. cars shall pass every thirty minutes in each direction, and that it should not charge for transporting passengers on said line more than five cents for each passenger going in one general direction, and that no further fare shall be charged or compensation demanded for transporting such passengers across the Willamette river. By said agreement it was further provided that "for the due and faithful performance of the conditions of this agreement, on the part of each of the parties hereto, they respectively bind themselves, each to the other, in the sum of ten

thousand dollars, to be paid to the failing party"; that plaintiff has duly performed all the conditions of said contract on its part; that the object of plaintiff in securing the railway services contracted for in said agreement was to render said tract of land desirable for residence purposes and make it more valuable and salable, all of which defendant well knew; that defendant entered upon the performance of the contract on its part, but has failed and neglected to perform the same, in that it does not cause cars to be run over said railway in each direction oftener than every thirty minutes between the hours of six o'clock in the morning and eight o'clock in the afternoon, nor oftener than every sixty minutes between eight and eleven o'clock P. M., nor does it transport passengers on said line at the rate of five cents for each passenger while going in one direction, but has repeatedly charged passengers at the rate of ten cents for such transportation; that since entering into said contract, plaintiff has sold one-half of its tract of land for $160,000, which was all that could be obtained, and is still the owner of the remaining half, which is of the value of $300,000; that if defendant had caused the cars to run on said line, as provided in the contract, and had only charged the fare therein provided, plaintiff would have received for the portion of its land sold the sum of $170,000, and the part remaining unsold would be worth $310,000, and plaintiff's land would have been benefited by the construction and operation of the road in the manner provided in the contract in the sum of $20,000; that by reason of the failure and neglect of the said defendant, above set forth, the plaintiff was prevented from selling the portion of its land which has been sold, for $170,000, which sum would have been the market value thereof, and is now prevented from selling the portion of its land remaining unsold for the sum of $310,000, which would be the market value thereof, and plaintiff is thereby and otherwise damaged in the sum of twenty thousand dollars.

A demurrer being sustained and the complaint dismissed, plaintiff appeals.

*J. V. Beach*, for Appellant.

*R. Mallory*, for Respondent.

Bean, J.—The respondent's counsel contends that the items going to make up plaintiff's damages are so speculative, remote and uncertain as to form no basis for damages in this case, and therefore the complaint does not state a cause of action. If we concede that his premises are correct, the conclusion drawn by him does not follow. The complaint sets out a contract between the parties and avers a breach thereof by defendant. The demurrer admitting the truth of the complaint, the plaintiff is entitled to nominal damages at least, and this is sufficient on demurrer. (1 Suth. Dam. 759.) If the allegations of the complaint, in which plaintiff seeks to lay down the rule by which the damages are to be estimated, are insufficient or irrelevant, the defect cannot be reached by demurrer, so long as the other parts of the complaint contain a sufficient statement. If these damages are sought to be recovered at the trial, defendant may then object to the evidence. An erroneous claim of damages does not make a complaint demurrable. (1 Suth. Dam. 762; *Crowley* v. *Davidson*, 10 Minn. 392; *Leland* v. *Tousey*, 6 Hill, 328; *W. U. T. Co.* v. *Hopkins*, 49 Ind. 223.) The allegation of damages in the complaint is, "that by reason of the failure and neglect of the said defendant above set forth (that is, the failure to run the cars and carry passengers according to contract), the plaintiff was prevented from selling for $170,000 the portion of its said land which has been sold, which sum would have been the market value thereof, and is now prevented from selling the portion of its land remaining unsold for the sum of $310,000, which sum would be the market value thereof, and plaintiff is thereby and otherwise damaged in the sum of $20,000." Omitting therefrom the portions objected to by defendant, the allegation would read, "that by reason of the failure and neglect

of the said defendant as above set forth, (that is, the failure to run cars and carry passengers according to contract) plaintiff is thereby and otherwise damaged in the sum of $20,000," and this under all the authorities is a sufficient allegation of general damages. (*Wisner* v. *Barber,* 10 Or. 342; *Wilson* v. *Clark,* 20 Minn. 367; 1 Suth. Dam. 763.) Whether the demurrer was well taken, is the only question before us, and we therefore forbear to express any opinion upon the measure of damages, a question to which the demurrer does not extend.

Judgment of the court below is therefore reversed and the cause remanded with directions to overrule the demurrer.