JOHN PETERS AND HENRY W. WEBSTER v. ELI COOPER.

*Contract of sale—Damages—Pleading—Evidence.*

1. The measure of damages for the breach by the vendee of an executory contract for the sale of cattle at an agreed price for the lot, a portion of which is paid down, and the remainder is to be paid when the cattle are taken, within a specified time, is the difference between the contract price and the actual market value of the cattle: citing *Sisson v. Railroad Co.*, 14 Mich. 489; *Brownlee v. Bolton*, 44 Id. 218.

2. The depreciation in the value of the cattle, and the expense

incurred by the vendor in keeping them after the time fixed for their delivery, may be shown without the same being specially alleged in the declaration, in a suit to recover damages for such breach.

Error to Clinton. (Daboll, J.) Submitted on briefs March 9, 1893. Decided March 10, 1893.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Lyon & Dooling,* for appellants.

*Watson & Chapman,* for defendant, contended:

1. This was not a contract for a sale, but a full and complete sale, and the title to the cattle passed to the defendant when he paid the $64, and if they had died it would have been defendant's loss; citing *Whitcomb v. Whitney,* 24 Mich. 486; *Mining Co. v. Senter,* 26 Id. 74; *Lingham v. Eygleston,* 27 Id. 324; *Kling v. Fries,* 33 Id. 275.

MONTGOMERY, J. This is an action to recover damages for the breach of an executory contract of sale. The proof tended to show that plaintiffs agreed to sell to defendant 27 head of cattle at the agreed price of $864, $64 of which purchase price was paid in hand, and the defendant agreed to pay the balance and take the cattle away within a certain time. The defendant failed to accept the cattle, except two, which were taken without plaintiffs' knowledge, or pay the agreed price.

The plaintiffs sought to show that at the date fixed for delivery the market value of cattle was very much less than the agreed price. This offer of testimony was excluded. The plaintiffs then proved that they made a sale of the cattle at a reduced price, and further offered to show that they incurred expense in keeping the cattle from the date fixed for the delivery by the contract until the date of resale. This was also excluded.

There was error in each ruling. A proper measure of

damages for such a breach of contract is the difference between the contract price and the actual market value. *Brownlee v. Bolton,* 44 Mich. 218; *Sisson v. Railroad Co.,* 14 Id. 489.

The rulings would appear to have been based upon the failure to aver specially in the declaration the loss as consisting of depreciation, and to set out the fact that plaintiffs incurred expense in keeping the cattle until a resale was made. But this damage is the natural result of the breach, and need not be specially set out. The *ad damnum* is sufficient. *Richter v. Meyer* (Ind. App.), 31 N. E. Rep, 582; *Parsons v. Sutton,* 66 N. Y. 92.

Judgment reversed.

The other Justices concurred.