Argued 10 February; decided 2 March, 1903.

## BUSSARD *v.* HIBLER.

[71 Pac. 642.]

GENERAL AND SPECIAL DAMAGES—PLEADING.

1. In an action for a breach of a contract, such damages as would be necessarily sustained through the act complained of may be recovered under a general allegation of damage; for example, the difference between the market price and the contract price of goods which are not delivered to a purchaser according to contract constitutes a damage to the purchaser which would in-

evitably follow such failure, and therefore special damages need not be alleged in order to recover such sum.

BREACH OF CONTRACT—TENDER—DELIVERY.

2. Where a contract for the purchase of chattels required delivery before payment, no money became due until there was an offer to deliver, and until then the purchaser was not obliged to tender the price.

BREACH OF CONTRACT—DEMAND BEFORE BRINGING ACTION.

3. Where certain goods, which had been contracted to a purchaser were sold and delivered to another, no demand for the goods by the contract purchaser was necessary before commencing action.

From Linn: GEORGE H. BURNETT, Judge.

This action was commenced in a justice's court of Linn County to recover damages for the breach of an alleged agreement. It is averred in the complaint, in substance, that on March 26, 1902, the plaintiffs, M. Bussard and John Robson, partners as Bussard & Robson, entered into a contract with the defendant, Ross E. Hibler, by the terms of which he agreed to purchase all the mohair that could be secured at suitable prices in the vicinity of Scio, Oregon, and deliver the same to them at that place upon their reimbursing him for his expenditure and paying him one cent a pound as commission; that in pursuance of such agreement he purchased about 2,000 pounds prior to April 16, 1902, when the contract was so modified that he was to continue purchasing mohair for them, and to deliver the same at Albany, Oregon, at the close of the season, for which they were to pay him 24½ cents per pound, whereupon they advanced to him, on account, the sum of $400; that thereafter defendant purchased about 6,000 pounds, but delivered to them only 1,633 pounds, and at the close of said season, to wit, about April 30, 1902, he refused to comply with their request to deliver the remainder, or any part thereof, to them, at Albany, where they were ready and willing to receive and pay therefor, but, as they were informed and believe, he sold and delivered all the remainder to one Metzker; that at the close of said season the market value of mohair was 28 cents per pound, and, by reason of defendant's refusal to perform his part of the contract, they were deprived of the profits on 6,367 pounds thereof, to their damage in the sum of $222.84, for which they demand judgment. The answer, having denied the material

allegations of the complaint, averred, in effect, that plaintiffs agreed not to purchase any mohair in the vicinity of Scio, to furnish defendant a daily report of the market price thereof, and to pay him immediately after his outlay all sums of money advanced on account of his purchases for them, together with said commission; that they refused to furnish him said report, but provided him statements of prices less than the true market quotations; that they offered his customers for their mohair a greater price than he could pay under the statements so supplied him; and that on April —, 1902, said contract was terminated, the defendant having delivered to them mohair of the value of the money so received.   The reply having put in issue the allegations of new matter in the answer, a trial was had in the justice's court, and a judgment rendered for plaintiffs, from which an appeal was taken to the circuit court, wherein the case was retried, resulting in a judgment of nonsuit, and plaintiffs appeal to this court.            .            REVERSED.

For appellants there was a brief and an oral argument by *Mr. W. R. Bilyen* and *Mr. J. N. Duncan.*

For respondent there was a brief over the name of *Weatherford & Wyatt,* with an oral argument by *Mr. J. R. Wyatt.*

MR. CHIEF JUSTICE MOORE, after stating the facts, delivered the opinion of the court.     .

It is contended by plaintiff's counsel that the testimony introduced by them at the trial, together with the inferences and presumptions fairly deducible therefrom, having tended to establish the material allegations of the complaint, the court erred in not submitting the questions involved to the jury for their determination.   It is maintained by defendant's counsel, however, that the complaint contains no averment that plaintiff suffered any special damage by reason of a breach of the alleged agreement, or that they entered into a contract with defendant for the purpose of reselling the mohair for a profit, nor was there any testimony offered at the trial upon these questions; that there is no sufficient averment in the complaint.

nor was there any proof offered, that they were able, ready or willing to perform their part of the agreement, and that the evidence fails to show a sufficient demand made by them upon defendant to deliver the remainder of the mohair, under the terms of the contract, or that they ever tendered to him the sum of money due therefor; and that for these reasons no error was committed as alleged.

1. Considering first the legal principles insisted upon by defendant's counsel, the rule is universal that, under an allegation of pecuniary injury, a party may recover, as general damages, the *quantum* of loss that is necessarily and inevitably sustained through the act of which he complains: *Wisner* v. *Barber,* 10 Or. 342; *Sunnyside Land Co.* v. *Willamette Bridge Ry. Co.* 20 Or. 544 (26 Pac. 835); *Dose* v. *Tooze,* 37 Or. 13 (60 Pac. 380). In *Griffin* v. *Colver,* 16 N. Y. 489 (69 Am. Dec. 718, and note), it was held that a party injured by a breach of a contract is entitled to recover all his losses sustained thereby, provided they are certain, and such as might naturally be expected to follow the breach. In *Messmore* v. *New York S. & Lead Co.* 40 N. Y. 422, it was held that the damages recoverable upon a breach of contract include gains prevented as well as losses sustained, provided the gains are certain, and such as would naturally have resulted from a performance of the agreement. In *Peters* v. *Cooper,* 95 Mich. 191 (54 N. W. 694), it was held by the Supreme Court of Michigan that losses sustained by the depreciation in the price of cattle and the expense of keeping them, occasioned by a breach of an agreement to accept them, being general damages, the facts constituting such depreciation and expense need not be specially alleged in the complaint. In *Johnson* v. *Gilmore,* 6 S. D. 276 (60 N. W. 1070), it was held by the Supreme Court of South Dakota that a complaint which states a contract, shows a breach, and alleges damages directly resulting therefrom, states a cause of action, without showing in what particular manner such damages occurred. The damages sought to be recovered in the case at bar are such as would inevitably result from a breach of the agreement, and, being general, no neces-

sity existed for alleging any special damages, such as that the purchases were made for resale. If plaintiffs desired the mohair for their own use, they would necessarily sustain damage by reason of defendant's failure to deliver it to them; and, so far as it appears from an inspection of the complaint, they may have negotiated the purchase for their own benefit. In any event, they do not seek to recover such damages as would ensue if they had a contract for the resale of the commodity to a particular person; and, this being so, the complaint is sufficient to sustain a judgment for general damages.

2. It is alleged in the complaint that, at the time and place appointed by the terms of the contract, "plaintiffs were willing and ready to receive and pay for" the mohair agreed to be delivered, and such averment is.sufficient to show a readiness on the part of the plaintiffs to keep and perform their part of the agreement: *Smith* v. *Lewis*, 26 Conn. 110. The contract, according to plaintiffs' theory, required the payment of the remainder due on the purchase of the mohair upon its delivery at Albany, within the time specified, and, until defendant offered to deliver it in accordance therewith, no money was due, and no tender thereof was necessary: *Lewis* v. *Craft*, 39 Or. 305 (64 Pac. 809).

3. The defendant, as a witness in his own behalf, testified that during the mohair season of 1902 he purchased at Scio, Oregon, 6,069 pounds of Angora goats' wool, and that at the close of the reason he delivered 1,633 pounds of it to the plaintiffs at Albany, Oregon, and sold the remainder to one Metzker. The defendant having disabled himself from performing his part of the contract, no demand by plaintiffs that he should comply with his agreement was necessary: *Hawley* v. *Keeler*, 53 N. Y. 114.

We do not deem it necessary to quote from or comment upon the testimony given by plaintiffs' witnesses; but believing it sufficient, as tending fairly to support the material allegations of the complaint, an error, in our opinion, was committed in granting.the nonsuit, and hence the judgment is reversed, and the cause remanded for a new trial.    REVERSED.