Decided August 18, 1908.

## HOSKINS v. SCOTT.

[96 Pac. 1112.]

DAMAGES—PLEADING—GENERAL DAMAGES—BREACH OF CONTRACT.

1. A complaint alleged that defendant, for a valuable consideration, agreed to furnish an engine and engineer to run plaintiff's threshing machine, reliance by plaintiff on such agreement, demand upon defendant, failure by him to comply therewith, and an unsuccessful attempt by plaintiff to procure another engine and engineer, and that plaintiff had made the necessary arrangements, including the procurement of the necessary complement of men to operate the machine during the season; but it did not specifically aver that plaintiff had or could have procured contracts for threshing during the season, nor that he tendered defendant the *per diem* price agreed upon for the engine, etc. *Held*, that the complaint stated facts, independent of the question of special damages, entitling plaintiff to prove general damages, and a demurrer thereto was properly overruled.

SAME—SPECIAL DAMAGES.

2. Said complaint further alleged that plaintiff notified defendant that he expected him to be ready with the engine and engineer at the opening of the threshing season, so that plaintiff could engage in threshing during the season. *Held*, that it could be reasonably inferred from the facts averred that plaintiff would have secured business sufficient to keep his machine in operation during the season, so as to admit testimony showing what his machine would have earned had it been furnished with power as agreed.

CONTRACTS—ACTIONS FOR BREACH—PLEADING—ADVANCE PAYMENT.

3. In an action for the breach of defendant's contract to furnish an engine, etc., to operate plaintiff's threshing machine for a certain sum per day, the contract not requiring the *per diem* payment to be made in advance, it is unnecessary to allege or prove advance payment.

PLEADING—WAIVER OF DEFECTS—OBJECTIONS TO COMPLAINT—PLEAD-
ING OVER.

4. Where a complaint alleged sufficient facts, but in a defective manner, defendant, by pleading over and not moving to make more definite and certain, waived such defects.

SAME—EVIDENCE ADMISSIBLE UNDER COMPLAINT.

5. Where a complaint was sufficient to support a verdict for plaintiff, it was ample for the admission of all testimony material to the issues.

DAMAGES—BREACH OF CONTRACT—ANTICIPATED PROFITS.

6. Anticipated profits may be recovered in an action for breach of contract, if they can be ascertained with reasonable certainty, and the profits of which the complaining party was deprived, causing the alleged damage, could reasonably be presumed to have been contemplated by the parties when making the contract, and the damages complained of were the natural and proximate consequences of the breach.

SAME—CERTAINTY.

7. In an action for breach of defendant's contract to furnish plaintiff an engine and engineer to operate plaintiff's threshing machine during the threshing season, the facts that plaintiff's machine had sufficient capacity to handle the grain in the vicinity, of which there was an abundance, and that several parties had told plaintiff that he might thresh their grain if his machine did good work, was not sufficient to entitle plaintiff to recover as special damages the anticipated profits which he would have made during the threshing season but for defendant's breach of contract, the damages being too speculative and uncertain, as, to recover such damages, he should have shown enforceable contracts from which the quantity of grain he would probably have threshed, including probable losses, could have been estimated with reasonable certainty.

APPEAL AND ERROR—REVIEW—PRESUMPTIONS—EVIDENCE NOT IN-
CLUDED IN RECORD.

8. Where the complaint, in an action for breach of contract, alleged both general and special damages, and the trial court certified that the bill of exceptions contained all the evidence upon the enumerated points, and that the entire transcript of the testimony was attached, but the pages referred to as containing the testimony were not in fact in the record, it will be presumed on appeal that some evidence was adduced tending to show general damages.

DAMAGES—PLEADING—GENERAL AND SPECIAL—RECOVERY OF GENERAL
DAMAGES.

9. In an action for breach of contract, where the complaint alleges both general and special damages, the fact that special damages are pleaded and apparently relied on will not preclude a recovery of general damages, if proved.

SAME—"GENERAL DAMAGES"—"SPECIAL DAMAGES."

10. Damages are either general or special; "general" when they are such as the law implies from the wrongful acts alleged, and "special" when, though not implied by law, they are such as really take place.

SAME—"GENERAL DAMAGES."

11. "General damages," being the direct and immediate result of the act complained of, and necessarily arising out of it, may be recovered under the general allegation of damage without stating their particular nature.

SAME—EVIDENCE—GENERAL DAMAGES.

12. In an action for breach of defendant's agreement to furnish plaintiff an engine and engineer to operate his threshing machine during the threshing season, plaintiff was entitled to show as general damages the rental value of the machine during the season, if idle by reason of lack of the power contracted for, provided plaintiff was unable to procure an engine elsewhere; but, if an engine was procured elsewhere, he would be entitled to show, in lieu of the rental value, the difference between what he was to pay defendant and what he was compelled to pay others, including expenses incidental to the change.

SAME—SPECIAL DAMAGES.

13. In such action, evidence, for the purpose of showing special damage, that another ran a machine similar to plaintiff's in the vicinity during the season, and the number of bushels threshed per day, and the profits, was not admissible in the absence of evidence that plaintiff had enough threshing engaged to keep his machine busy during the season, so as to entitle him to special damages.

APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

14. To enable the court on appeal to disregard error in admitting testimony as harmless, that fact should be made to appear affirmatively from the record.

SAME — RECORD — PROCEEDINGS NOT IN RECORD — CERTIFICATION OF EVIDENCE — CONCLUSIVENESS.

15. While, if the record does not show that it contains all the evidence, every presumption must be indulged in support of the verdict, when the trial court's action in overruling a motion for nonsuit or refusing to direct a verdict is questioned, a different rule prevails when testing the propriety of the admission of any particular testimony, and in such case, where the trial court certifies that the record contains all the evidence necessary to understand the exceptions enumerated therein, the Supreme Court is bound by such certificate, and must assume that no other evidence on the specific point was offered or received.

From Jackson: HIERO K. HANNA, Judge.

This is an action by Joe Hoskins against William Scott. From a judgment in favor of plaintiff, defendant appeals.

The action was for breach of defendant's contract to furnish plaintiff an engine and engineer to run a threshing machine previously purchased from defendant. The complaint, in addition to the allegations stated in the opinion, alleged that plaintiff notified defendant that he expected the latter to be ready with the engine and engineer at the opening of the threshing season, so that plaintiff could engage in threshing during the season.

REVERSED.

The case was submitted on briefs, under the proviso of Rule 16 of Supreme Court. 50 Or. 580.

For appellant there was a brief over the names of *Mr. W. E. Phipps* and *Messrs. Reames & Reames.*

For respondent there was a brief over the names of *Mr. Gus Newbury* and *Mr. Charles Prim.*

Opinion by MR. COMMISSIONER KING.

This is an appeal from a judgment in favor of plaintiff for $525 damages for an alleged failure on the part of defendant to furnish to plaintiff an engine and engineer with which to run a threshing machine in Jackson County, Oregon, during the year 1906.

1. The first error assigned is the overruling of the general demurrer to the complaint. The effect of the averments of the complaint is to allege an agreement, for a valuable consideration, on the part of the defendant, to furnish an engine and engineer to run plaintiff's machine purchased from him, reliance thereon by plaintiff, demand therefor, failure on the part of defendant to comply therewith, unsuccessful attempt by plaintiff to procure another engine and engineer, and the damages resulting from defendant's failure to do as agreed. It does not specifically assert that plaintiff had or could have procured contracts for threshing during the season of 1906, the year of his contemplated operations, nor that he tendered defendant the $5 per day agreed to be paid by plaintiff to defendant for the assistance of an engine and engineer, and the absence of such specific averments, it is urged, is fatal. But the complaint alleges that the plaintiff made all necessary arrangements, including procurement of the "complement of men necessary to begin and carry on successfully threshing during and for said season and making all necessary arrangements at the opening of said season," that he demanded of said defendant that he furnish the engine and engineer according to their contract, which he neglected and refused to do, and sets out specifically the damages caused thereby. Sufficient is thus stated, if true, inde-

pendent of the question concerning the contracts, to entitle plaintiff to prove general damages, by reason of which no error was committed in overruling the demurrer. *Sunnyside Land* v. *Bridge Ry. Co.,* 20 Or. 544 (26 Pac. 835).

2. The next error assigned relates to the admissibility of testimony tending to show what would have been earned by plaintiff's machine if it had been furnished the power agreed upon with which to operate the separator during the threshing season of 1906. The ·plaintiff, Hoskins, was asked to state the capacity of his machine, the price paid for such work, what he would have received, and the number of days threshing he would have procured during the season, to which inquiries objections were made as being incompetent, irrevelant, immaterial, and not within the issues.

3. It is argued that this evidence should have been excluded, on the ground that no issue was made by the pleadings upon the points sought to be maintained thereby. The complaint states sufficient facts from which it may be reasonably inferred that plaintiff could have secured business for his machine sufficient to keep it in operation during the season; and as to the failure to allege a tender of the *per diem* for the engine and engineer, since there is nothing in the pleadings to indicate that such was a part of the contract, it will not be presumed that payment thereof should be made in advance. Hence it was unnecessary either to plead or prove it.

4. The defects in the complaint, as in effect stated by the learned court at the trial, did not consist of a failure to allege sufficient facts, but in a defective statement thereof subject to a motion to make more definite and certain, and waived by pleading over. *Madden* v. *Welch,* 48 Or. 199 (86 Pac. 2.)

5. Since the complaint is sufficient to support the verdict, it was ample for the admission of all testimony bearing upon the issues developed by it, and the special

damages averred are of the material issues, on account of which the testimony alluded to was properly admitted.

6. But it is maintained that no proof was offered showing that plaintiff, if furnished with an engine and engineer, either could or would have run the machinery during the season contemplated, or that he had or could have procured contracts therefor, by reason of which there is a failure of proof as to one of the essential facts, and on account of which it is argued that the court should have either sustained the motion for nonsuit or directed a verdict for defendant. After testifying to facts tending to show that he could and would have run the machine during the season contemplated, if furnished with the engine and engineer agreed upon, plaintiff, on cross-examination, stated, in substance, that a number of people in the vicinity had asked him to do threshing for them during the summer, and told him that, if he brought his machine to their respective farms, and did good work, he could have their threshing to do, and that nothing more definite was said about it, further than one person told him he would pay him five cents per bushel, and another stated there were about "20,000 bushels on the sticky run" that year. Upon testimony to this effect it appears that the estimate is based that he could have procured a 35-day steady run for his machine. In this connection, it is contended that the damages thus sought to be established are too remote and speculative to be recovered, which presents a question not easy of solution nor free from doubt. While the authorities are not harmonious on the subject of the right of a person to recover anticipated profits under such circumstances, the weight thereof appears to recognize what we deem the safer and better rule: If the damages can be ascertained with reasonable certainty, and the business of which the complaining party was deprived, causing the alleged loss or damage, was contemplated or could reasonably be presumed to have been contemplated

by the parties at the time the contract was made, and the damages complained of are the natural and proximate consequences of such breach, a recovery thereof may be had. *Drake* v. *Sears,* 8 Or. 209, 213; *Blagen* v. *Thompson,* 23 Or. 239, 248 (31 Pac. 647: 18 L. R. A. 315), *Hocker-smith* v. *Hanley,* 29 Or. 27, 36 (44 Pac. 497); *Hunt* v. *Oregon Pac. Ry. Co.* (C. C.) 13 Sawy. 516 (36 Fed. 481: 1 L. R. A. 842; *Griffin* v. *Colver,* 16 N. Y. 489 (69 Am. Dec. 718); *Messmore* v. *New York Shot & Lead Co.,* 40 N. Y. 422; *Washington & G. R. Co.* v. *American C. Co.,* 5 D. C. (App. Cas.) 524, 541; *Howard* v. *Stillwell, etc., Co.,* 139 U. S. 199, 206 (11 Sup. Ct. 500: 35 L. Ed. 147).

7. But we think the evidence given insufficient to bring plaintiff's demands within the rule announced, as the special damages sought cannot be ascertained therefrom with reasonable certainty. It does not follow, nor can it be assumed, that owing to plaintiff's machine having sufficient capacity, and because there was an abundance of grain in the vicinity to be harvested, and several parties had told plaintiff that he might thresh their grain, if on hand and his machine did good work, etc., that they would have given him the work to do, or that he would have procured all or a large part of the threshing in the vicinity. Enforceable contracts should have been shown from which the quantity of grain he would probably have threshed, including probable losses, with reasonable certainty, could have been estimated; otherwise the damages sought were too speculative to be entitled to consideration.

8. Regardless of that feature, however, plaintiff was entitled to have submitted to the jury for their determination the amount of general damages to which he may have been entitled under the evidence, and there was some evidence before the jury from which some damages were inferable. The bill of exceptions, after setting out the testimony to the effect above stated, recites:

"There was no other evidence as to the capacity of the threshing machine purchased from defendant by

plaintiff, or as to what the losses or profits would have been had plaintiff operated said threshing machine during the season of 1906. There was no other evidence of how much grain plaintiff could have threshed. There was no evidence as to what plaintiff earned during the said threshing season."

The court certifies that the bill of exceptions contains all the evidence necessary to a full understanding of the points in it enumerated, and that the entire transcript of the testimony, being numbered from pages 1 to 116, inclusive, is thereto attached; but, since the pages of the testimony alluded to do not in fact appear in the record, it must be presumed that some evidence was adduced tending to show general damages. *State* v. *Brown,* 28 Or. 147, 167 (41 Pac. 1042), *Davis* v. *Emmons,* 32 Or. 389, 394 (51 Pac. 652).

9. And, concerning this feature, it can make no difference that special damages are averred, and apparently relied upon, for both are susceptible of proof under the complaint. The mere fact that special damages are pleaded will not preclude a recovery of general damages if proved. *Sunnyside Land Co.* v. *Bridge Ry. Co.,* 20 Or. 544 (26 Pac. 835).

10. As stated by Mr. Justice LORD, in *Wisner* v. *Barber,* 10 Or. at page 344: "Damages are either general or special. General, when they are such as the law implies or presumes to have accrued from the wrong complained of. Special, when they are such as really took place and are not implied by law, and are superadded to general damages arising from an act injurious in itself. Chitty's Pleadings, 395; Sedgwick, Damages (7th ed.) 606.

11. "The former, being the direct and immediate result of the act complained of, and necessarily arising out of it, can be recovered under the general allegation of damages, without stating their particular nature, or how they arose, because the law implies or presumes such damages to follow the breach of the contract or the act or wrong complained of." To the same effect is *Dose* v. *Tooze,* 37

Or. 13, 16 (60 Pac. 380) ; *Bussard* v. *Hibler*, 42 Or. 500, 503 (71 Pac. 642).

12. Notwithstanding his failure to prove the special damages first relied upon, plaintiff was entitled to show, if he could, as general damages, the rental value of the machine during the season, if idle by reason of the lack of power contracted for, providing it appeared that by reasonable diligence an engine and engineer were not obtainable elsewhere; but, if the required power was secured from other sources, then, in lieu of the rental value mentioned, he would have been entitled to the difference between what he was to pay defendant and what he was compelled to pay others therefor, including the expenses incidental to the change. This appears to be the effect of the rule announced in *Griffin* v. *Colver*, 16 N. Y. 489 (69 Am. Dec. 718), in which it appears that the plaintiff there named agreed to build a steam engine with boilers, etc., for the defendants, and to deliver it on a day certain; but, failing to do so, a delay of one week occurred, during which time the defendant lost the use of certain machinery for the sawing and planing of the lumber, which machinery the steam engine was intended to drive, and which the plaintiff knew it was intended to run, and for this failure to comply with the contract damages by recoupment were asked in the sum of $50 per day for the time lost. It was held that, while the proof was insufficient to bring the cause within the rule permitting a recovery of character demanded, damages could have been recovered by defendant for the rental value of the mill or other similar property, during the time it was compelled to remain idle. See, also, *Blagen* v. *Thompson*, 23 Or. 239, 248 (31 Pac. 647 : 18 L. R. A. 315), citing the above case with approval; *Gove & Co.* v. *Island M. & M. Co.*, 16 Or. 93, 101 (17 Pac. 740) ; *Savage* v. *Glenn*, 10 Or. 440, 442. It follows that the motions considered were properly overruled.

13. Another error complained of is in permitting the witness Savage to testify that he ran his machine (being

similar to the one purchased by plaintiff from defendant), in the vicinity contemplated by plaintiff during the season of 1906, giving the number of bushels threshed per day and profits made. The general rule is that evidence of this character is inadmissible. *Anderson Elec. Co.* v. *Cleburne, etc., Co.,* 23 Tex. Civ. App. 328 (57 S. W. 575).

14. It appears from the certificate of the court that the bill of exceptions contains all the evidence sufficient to explain this ·and other points specifically pointed out, from which it is clear that it does not appear that plaintiff had sufficient threshing engaged to keep his machine busy during the threshing season, and, there being no other evidence upon which the jury could have found special damages, this and other testimony of like import was erroneously admitted, and, if the error in its admission is harmless, it should be made affirmatively to appear in the record (*Smith* v. *Bayer,* 46 Or. 143, 148: 79 Pac. 497: 114 Am. St. Rep. 858), the harmless effect of which is not there disclosed.

15. While, in the absence of the record disclosing that it contains all the evidence, every presumption must be indulged in support of the verdict when the court's action in overruling a motion for nonsuit or in refusing to direct a verdict is called in question; a different rule prevails when testing the sufficiency of the admission of any certain class of testimony,. for instance: Here the court certifies that the record contains all the evidence necessary to a full understanding of the exceptions there enumerated. Hence, except as to the motion for nonsuit and to direct a verdict, we are bound by the .certificate to that effect and must assume no other evidence on the specific points enumerated was offered or received. We are of the opinion therefore that the testimony of Savage should have been excluded, and its admission constitutes reversible error.

The judgment of the court below should be reversed, and a new trial granted.            REVERSED.