Argued April 8, affirmed May 19, 1914.

## PACIFIC BRIDGE CO. v. RIVERSIDE ROCK CO.

(141 Pac. 751.)

**Bailment—Construction of Contract—Subject Matter.**

1. Under a contract of lease of a steam shovel requiring the lessee to return it in good condition, ordinary wear and tear excepted, the lessee is not entitled to recover the expense of repairing the machine after an accident.

[As to liability of bailee for misuser, see note in 12 Am. Dec. 619.]

**Bailment—Redelivery of Property—Liquidated Damages—Liability.**

2. Where a lease of a steam shovel provided for a penalty of $10 per day for delay in return of the shovel after the expiration of the contract, the lessee was not released from liability for the penalty by the fact that the delay was rendered necessary to make repairs after an accident to the machine on the last day of the lease.

From Multnomah: HENRY E. McGINN, Judge.

Department 2. Statement by MR. JUSTICE EAKIN.

This is an action by the Pacific Bridge Company, a corporation, against the Riverside Rock Company, a

70 Or.—22

corporation, and is brought to recover $10 a day rent as penalty from the defendant for delay of 112 days in returning to plaintiff a steam shovel after the term for which it was rented had expired. The contract was in writing in the form of an offer and acceptance, as follows:

"Portland, Oregon, April 28, 1911. "Riverside Rock Co., * * City—

"Dear Sirs: Confirming our recent conversation upon the subject of leasing our steam shovel to your company, will state that it is our understanding that the shovel is turned over to your concern for a period of four (4) months under the following conditions: 1. That we will receive two hundred and sixty dollars ($260.00) for each month, commencing with the day the shovel is given steam pressure in your quarry, it being understood that twenty-six days at ten (10) hours each will constitute a month's work. If the shovel is operated more than ten (10) hours per day, or on Sundays or holidays, that we will receive additional compensation at the rate of one ($1.00) dollar per hour for each hour that the shovel is employed in excess of twenty-six (26) days per month. 2 (a). It is understood that the shovel, as received by your company, is in first-class operating condition, fully equipped with all necessary tools and appliances for operating the same. That it will be returned to us in the same condition, with freight charges prepaid at the termination of your lease. * * (b) It is understood that ordinary wear and tear are excepted, providing J. W. Likens is engaged as engineer, or any other engineer that meets our approval. 3. That all tools, rail sections, and other equipment shipped with the shovel will be returned at the same time the shovel is shipped, or payment will be made for the same, it being considered that all the tools and equipment are equivalent to newly purchased articles of the same kind and quality. * * 5. If the shovel is required by your company after the expiration of the above leased term, it will be optional with us whether the time is to be extended. It is understood that the rental of ten

dollars ($10.00) per day will be paid to us until a shipping receipt issued by the O. W. R. & N. Co. covering the shovel and car carrying parts belonging to the shovel is delivered to us, provided there is any delay in sending the shovel to us after the expiration of the above leased period. It will devolve upon you to notify us in writing, not less than fifteen (15) days before the leased term expires to open negotiations for further rental of the shovel. * * ''

The acceptance by defendant was indorsed on the offer. At the expiration of the term, namely, on the 26th day of September, the rent at that date being paid, the shovel was injured by an alleged accident and could not be used without repair. Defendant shipped it to a repair shop and repaired it at a cost of $2,677.40, which it paid, and returned the shovel to the plaintiff on January 20, 1912. Plaintiff sued for the rental of the shovel and for $10 a day from September 26th to January 20th.

Defendant denied liability and pleaded the item of repairs and the cost thereof as a counterclaim.

The above facts are admitted, and the only question is whether under the contract plaintiff is liable to defendant for the amount of the counterclaim and whether the contract to pay the rental subsequent to the accident was terminated thereby. Judgment was rendered for the plaintiff for the full amount for which it sued, and defendant's counterclaim was disallowed.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Tucker & Bowe,* with an oral argument by *Mr. W. M. Bowe.*

For respondent there was a brief over the names of *Mr. A. E. Clark* and *Mr. M. H. Clark,* with an oral argument by *Mr. A. E. Clark.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Defendant contends that, when the accident happened to the shovel September 26th, it was at plaintiff's risk, that defendant was released thereby from the contract to pay rental thereafter, and that plaintiff was liable to reimburse defendant for the expense of repair, both of which questions must be controlled by the construction of the contract. It contemplated that defendant would keep the shovel in repair at its own expense. Any breakdowns or other disabling of the shovel was at its risk and expense, both for its own use and for its return under the terms of the contract. Defendant seeks to have the contract construed as though the shovel had been destroyed without its fault under the rule adopted in many cases cited where the bailed article was lost in a fire or by other unavoidable casualty; but we do not consider that question involved. The machine was disabled for defendant's use, but was not destroyed. If a sprocket chain, the pump or engine, or other material part had broken without the fault of the defendant, yet it was at defendant's risk.

2. After the expiration of the lease, the $10 a day payable by defendant was penalty and not payment for use, and the time awaiting repairs did not suspend the payment. But events against which the parties could have provided in their contract can never be set up as an excuse for nonperformance of the obligation; *District Township of Union* v. *Smith,* 39 Iowa, 9 (18 Am. Rep. 39). Breakage or injury to the machine, except reasonable wear and tear, was in the contemplation of the parties when the contract was made. The measure for recovery of the damages for breach of contract includes all that was in the contemplation of the parties when making the contract. That is a rule

recognized by this court, namely, what may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract: *Blagen* v. *Thompson*, 23 Or. 239 (31 Pac. 647, 18 L. R. A. 315); *Hoskins* v. *Scott*, 52 Or. 271 (96 Pac. 1112); *Hockersmith* v. *Hanley*, 29 Or. 37 (44 Pac. 497). This was in the contemplation of the parties when the contract was made, as shown by subdivisions 2 and 3 of the offer above quoted. If the shovel had been sent home injured or out of repair, plaintiff would not have been required to receive it, or might have received it and recovery had on the contract for damages for its defective condition. It was a plain requirement of the contract that the shovel should be returned at the expiration of the lease, and that for delay defendant should pay $10 per day, and it contemplated that defendant should maintain its operating condition and equipment, ordinary wear and tear excepted.

The judgment of the lower court is affirmed.

Affirmed.

Mr. Justice Bean, Mr. Justice McNary and Mr. Justice Ramsey concur. Mr. Chief Justice McBride not sitting.