## T. J. Harper *v.* Consolidated Bus Lines, Inc.

### (CC 542)

Submitted March 4, 1936.   Decided March 17, 1936.

*J. W. Maxwell,* for plaintiff.

*J. Q. Hutchinson* and *File, File & Scherer,* for defendant.

MAXWELL, JUDGE:

On this certification, there is presented the question of the sufficiency of two special counts of a declaration. The circuit court disapproved them on demurrer, and certified its ruling here for review.

First, there are the common counts not here involved. In the special counts, it is alleged that the defendant, being the owner of permits or certificates of convenience

Nos. 38 and 55, issued by the State Road Commission for the operation of motor buses over designated routes, contracted with the plaintiff to sell and transfer said certificates to him at any time not later than December 11, 1934, at the price of $2,000.00 with interest from the date of the contract; that within the period, the plaintiff tendered to the defendant the said amount with interest and requested that the transfer be made in compliance with the contract; that the defendant refused compliance. The action is for $20,000.00 damages for alleged breach of the contract.

Pertinent statutory provisions appear in Code 1931, chapter 17, article 6, sections 3, 4, 5, 6, and 8, as amended by chapter 60 of Acts of the Legislature, First Extraordinary Session, 1933. In the sections indicated it is provided that no motor vehicle shall be operated over any public road in the state, for public transportation of passengers or property, or both, for compensation, until a permit or certificate of convenience therefor shall have been issued by the State Road Commissioner; that application for such permit or certificate shall be in writing and shall contain full information concerning the financial condition of the applicant; that the nature of the vehicles to be employed and the route to be traversed shall be stated; that the commissioner may act in respect thereto as in his judgment the public convenience and necessity may require; that such certificate may be sold, assigned, leased or transferred, only upon authorization by the commissioner; that no certificate or permit shall be issued by the commissioner to any applicant until after the applicant shall have filed with the commissioner a bond with surety approved by the commissioner, or liability insurance satisfactory to the commissioner, for the protection of persons and property; that a violation of a provision of any of said sections shall be deemed a misdemeanor punishable as prescribed, and upon further penalty of the suspension of the permit or certificate by the commissioner.

The plaintiff in his declaration does not allege compliance with any of said statutory requirements. The

defendant's demurrer is grounded on the lack of such averments. The court sustained the demurrer on that ground, and on the further ground that the special counts fail to allege that the plaintiff is a proper and suitable person to hold and own a permit or certificate of convenience.

The defendant's alleged promise must be presumed to have been made on its assumption that the plaintiff could meet the statutory requirements which it would be the duty of the road commissioner to exact. In no other hypothesis can the defendant's alleged covenant be considered a rational and meaningful undertaking.

When the defendant was tendered the contract price, that was the extent of its interest. The remainder of the transaction did not concern it. Whether the plaintiff would be able to meet the statutory requirements was solely a matter between him and the state road commissioner. True, the defendant could not make to the plaintiff an assignment in the full sense—a legally effective assignment—but, in compliance with its contract, it could have made such assignment as was within its power. It could have put the plaintiff in position to attempt to comply with the statutory requirements. This, the defendant refused to do.

Assuming that the plaintiff's case would have been better presented by the declaration had it contained allegations of the plaintiff's ability to comply with the statutory requirements, we are nevertheless of opinion that a *prima facie* case is presented. On proof of the allegations, as they stand, the plaintiff would be entitled at least to nominal damages. Whether he can recover substantial damages will depend upon proof not only of the allegations appearing in the declaration, but of additional matters as well.

Nominal damages arise where there is breach of a duty owed the plaintiff or an infraction of his right, though the amount of actual damages is not shown. *Maher* v. *Wilson*, 139 Cal. 514, 73 Pac. 418. Damages are inferred from the fact of a wrong done. I Sedgwick on Damages (9th Ed.) sec. 97. The violation of

a legal right affords basis for damages, though nominal in amount. 17 Corpus Juris, p. 714. "Where an actionable wrong by the defendant is shown, the plaintiff may recover nominal damages from the mere fact of such wrong." *Watts* v. *N. & W. R. Co.*, 39 W. Va. 196, 19 S. E. 521, 23 L. R. A. 674, 45 Am. St. Rep. 894.

"Where, under the allegation of damages in the complaint or declaration, the plaintiff would be entitled to recover some amount, although merely nominal, the complaint is not demurrable." 5 Encyclopedia of Pleading & Practice, p. 704. Where the breach of an agreement is well pleaded "the plaintiff would be entitled to recover some amount, which, although merely nominal, would avoid the demurrer." *Wilson* v. *Clarke*, 20 Minn. 367. "Where a complaint sets up a contract and alleges a breach thereof, a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, is not well taken, since plaintiff is entitled to nominal damages at least." *Sunnyside Land Co.* v. *Willamette Bridge Railway Co.*, 20 Or. 544, 26 P. 835. Consider: *Jones* v. *Central Nat'l. Bank & Trust Co.*, 110 Fla. 262, 148 So. 765; *Western Union Telegraph Co.* v. *Hopkins*, 49 Ind. 223; *Treadwell* v. *Tillis*, 108 Ala. 262, 18 So. 886.

For reasons stated, we are of opinion that the trial court's ruling on the demurrer was erroneous, therefore, we reverse the judgment and remand the case for further proceedings.

*Reversed and remanded.*