CHARLES M. KHEDERIAN & another *vs.* JOHN T. CONNOR COMPANY.

Suffolk.    November 29, 1927.— January 4, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Construction of lease. *Contract*, In writing, Construction. *Evidence*, Extrinsic affecting writing.

At the trial of an action for rent of a store for the month of September, 1926, two leases, purporting to be duplicate originals, were introduced in evidence and were called Exhibit A and Exhibit B. The *habendum* clause in Exhibit A was "to Have and to Hold the premises hereby demised unto the Lessee, for the term of five (5) years beginning with the first day of September in the year one thousand nine hundred and twenty-five — day of —"; in Exhibit B this clause "had been crossed or obliterated." Both leases contained the stipulation, "Yielding and Paying in equal monthly installments following rentals: Fifty (50) dollars per month for the first year of the term hereof; Fifty-five (55) dollars per month for the second year of the term hereof; Fifty-five (55) dollars per month for the third year of the term hereof; Sixty (60) dollars per month for the fourth year of the term hereof; Sixty (60) dollars per month for the fifth year of the term hereof." On the back of each document there was what was called a filing memorandum, stating the lease was for a term of one year, "Commences Sept 1 1925 Expires Aug 31 1926." It was not contended that the minds of the parties did not meet. The judge admitted parol evidence "to explain, qualify and modify the terms of the lease." *Held*, that

(1) The memorandum on the back of the exhibits was no part of the lease and was improperly in evidence;

(2) The parol evidence should not have been admitted "to explain, qualify and modify" the terms of the lease;

(3) The variance between the two exhibits did not affect the term of the lease, which was for five years, and not for one year only;

(4) Judgment should be entered for the plaintiff for rent for September, 1926.

CONTRACT for $105 for rent of a store numbered 4425 Washington Street in that part of Boston called Roslindale, of which $50 was for the month of August, 1926, and $55 was for the month of September. Writ in the Municipal Court of the City of Boston dated October 18, 1926.

Material evidence at the trial in the Municipal Court is stated in the opinion. At the close of the evidence, the plaintiffs moved for a finding in their favor in the sum claimed in the declaration. The motion was denied. The plaintiffs also asked for the following rulings of law:

"1. That the memorandum on the back of the lease relating to the term is not an integral part of the legally operative contract executed between the parties and therefore in the interpretation of the lease between the parties is collateral and immaterial.

"2. That the memorandum on the back of the lease as a matter of interpretation discloses no intent of the parties to the contract by indorsement, initialing or otherwise to make it a legally operative part of the lease and contract.

"3. With reference to the term of the lease as contained in the written contract between the parties, there is no conflict between the duplicate original in possession of the defendant and the duplicate original in the possession of the plaintiff, nor is there any conflict between the typewritten portion or premises in either duplicate and the *habendum* clause in either duplicate.

"4. With reference to the term of the lease or contract between the parties, there is no patent or latent ambiguity, in either duplicate or both duplicates taken together, that the lease calls unequivocally as a matter of term for a first, second, third, fourth and fifth year term.

"5. That there is no conflict between the premises contained in said lease and the *habendum* in either duplicate or both, and that if there were a conflict between the premises

and the *habendum,* the premises as a matter of typewriting and as a matter of precedence would govern."

The requests were denied. There was a finding for the plaintiff for the rent for August only, $50; and the case was reported to the Appellate Division. In the report, Exhibit A and Exhibit B each is called a "duplicate original." The Appellate Division ordered judgment for the plaintiff in the sum of $105. The defendant appealed.

The case was submitted on briefs.

*W. J. Day,* for the defendant.

*W. H. Shea,* for the plaintiffs.

CARROLL, J. This is an action of contract, tried in the Municipal Court of the City of Boston, to recover two months' rent under a written lease. Two leases marked Exhibit A and Exhibit B were in evidence. The report states that the parties agreed that the lease was duly executed by Jacob J. Yonkers, the owner of the property at the time, and the defendant as lessee; that the store was occupied by the defendant for one year from September 1, 1925, to August 31, 1926; that the defendant owed a month's rent for August, 1926. The judge found for the plaintiff on this item.

The *habendum* clause in lease Exhibit A was "to Have and to Hold the premises hereby demised unto the Lessee, for the term of five (5) years beginning with the first day of September in the year one thousand nine hundred and twenty-five — day of —"; in the lease Exhibit B this clause "had been crossed or obliterated." Both leases contained the stipulation, "Yielding and Paying in equal monthly installments following rentals: Fifty (50) dollars per month for the first year of the term hereof; Fifty-five (55) dollars per month for the second year of the term hereof; Fifty-five (55) dollars per month for the third year of the term hereof; Sixty (60) dollars per month for the fourth year of the term hereof; Sixty (60) dollars per month for the fifth year of the term hereof." On the back of each document there was what was called a filing memorandum, stating the lease was for a term of one year, "Commences Sept 1 1925 Expires

Aug 31 1926." The plaintiff contended that this filing memorandum was no part of the lease.

The judge admitted parol evidence "to explain, qualify and modify the terms of the lease"; and, against the plaintiff's exception, allowed the real estate supervisor for the defendant to testify "that he had negotiated with the owner of the property for a one year lease with options for an additional four years; that the lease had been drafted in the office of the defendant company and forwarded to the owners of the property; that the owner . . . had refused to execute anything but a five year lease . . . that . . . the parties had come to a compromise for what he supposed was a one year term with options for four years . . . that the owner had the leases drafted and forwarded them unexecuted to the defendant; that he personally examined both copies of the lease, O. K.'d them and put them on the desk of the president . . . for signature and execution; that after they were executed by the defendant, the leases were forwarded to the owners and the copy marked Exhibit 'B' returned signed by the owner, Jacob J. Yonkers, to the defendant company. He further testified that he would not have O.K.'d the lease if he had thought it was anything but a one year term with options for four more years . . . that he had not noticed, or did not know, that the *habendum* clause in the copy marked Exhibit 'A' was filled out and the term set forth in detail as appears in the copy marked Exhibit 'A'; that he did not notice or did not know of, nor did he have in mind the filing memorandum on the back of the lease, before presenting the copies to the president for signature." In the Appellate Division of the Municipal Court judgment for the plaintiff for two months' rent in the sum of $105 was ordered. The defendant appealed.

We assume that the plaintiff offered and relied on Exhibit A, although it does not clearly appear that this exhibit was offered by the plaintiff; and we further assume that the *habendum* clause in Exhibit B was struck out when executed by the defendant and before it was returned by the lessor to the defendant.

Whatever effect, if any, the filing memorandum would

have to show the intention of the parties if the reformation of the instrument were sought on the ground of accident or mutual mistake, it was not admissible in this action to recover the rent due under the provisions of the lease.  This memorandum was no part of the lease.  See *Stewart* v. *John R. Lankenau Co.* 259 Mass. 242, 250, 251.

The evidence of the defendant's real estate supervisor was not admissible "to explain, qualify and modify" the terms of the lease, which was a written instrument; its construction and meaning were for the judge to decide, and parol evidence was not admissible to explain or modify its terms.  *Perry* v. *J. L. Mott Iron Works Co.* 207 Mass. 501, 506.  A part of the evidence was admissible to identify the contract.  *Goddard* v. *Sawyer,* 9 Allen, 78.  It is not contended there was no contract, that the minds of the parties did not meet, and we are not called on to decide which writing should control when the counterpart differs from the original.  See *Barringer* v. *King,* 5 Gray, 9; *Burchell* v. *Clark,* 1 C.P.D. 602; *Matthews* v. *Smallwood,* [1910] 1 Ch. 777, 784, 785.  The variance in the two leases does not affect the term of the lease.  In our opinion Exhibit B, upon which the defendant relies, is a lease for the term of five years.  The lessee was to pay the specified rent during "the first year of the term," the increased specified rents during the second and third years of the term, and finally it agreed to pay "Sixty (60) dollars per month for the [fourth and] fifth year[s] of the term hereof."  The time during which the payments were to continue shows that the lease was for five years.  The intention of the parties, as indicated by the language of this Exhibit B, was to create a five-year term.  There is nothing in the words of the document to show that it was limited to a one-year term.  See *Hysmith* v. *Mills,* 143 Ark. 59.  The defendant occupied the premises under the lease for a year, but it cannot successfully contend that the term was limited to but one year.  It was to continue for five years.

The ruling of the Appellate Division was right.  Its order, judgment for the plaintiff for $105, is

*Affirmed.*