Tiffany, J.
This is an action in contract for Admiral’s alleged breach of an equipment lease for the installation of a burglar system at Admiral’s place of business at 1493 No. Shore Road, Revere, Massachusetts.
The report does not contain a complete summary of the evidence, but from the trial court’s subsidiary findings it may be determined that Admiral is a general insurance agency having offices in both Lynn and Revere, Massachusetts. At some time prior to the instant matter, Admiral executed a written agreement with a third-party defendant, Sentry Electronics Systems, Inc., for the installation of a burglar system at their Lynn offices.
Subsequent to the first installation, which is not in dispute, a similar alarm system was ordered from Sentry for the Revere office. Upon completion of the installation, a blank equipment lease and a blank acceptance of installation and delivery receipt were' presented to Admiral’s President and he signed on behalf of the corporation. The factors germane to the issue at bar and which are the subject of this litigation are that the spaces for both the number of months and number of payments in the agreement were left blank. The blank spaces were subsequently completed by unknown parties and signed by plaintiffs agents. Such completion included the insertion of a sixty (60) month term in the lease agreement.
Admiral made a total of seven monthly payments in accordance with the terms of the lease and then requested removal of the system from both offices.
Eaton Financial Corporation, the plaintiff, a financing company, sued Admiral for breach of the remaining term of the contract; to wit, fifty-three (53) payments.
It is Admiral’s contention that the evidence presented was insufficient as a matter of law to permit the trial court’s finding that the parties agreed to and executed a contract for the sixty (60) month rental term. The primary evidence before the trial court was the introduction of the written lease signed by all parties to be charged which contained an express contract duration of sixty (60) months. The burden of proof which devolves upon a plaintiff to establish the existence of a contract sued upon was satisfied. Canney v. New England Tel. & Tel., 353 Mass. 158, 164 (1967).
Where terms of a written lease are clear and unambiguous, the construction of said lease presents only a question of law for a trial court. Great Atlantic & Pacific Tea Co. v. Yanofsky, Mass. (1980)a; Dreher v. Bedford Realty Co., 335 Mass. 385, 389 (1967). This elimination of judicial fact finding is a function of the parol evidence rule which precludes the admission of any evidence to modify or alter the unambiguous terms of a written instrument. Khederian v. John T. Connor Co., 262 Mass. 29, 33 (1928). Such evidence was not even admissible, much less dispositive, in the absence of fraud or mistake in the formation of the agreement. Century Plastic Corp. v. Tupper Corp., 333 Mass. 531, 533 (1956).
There is no allegation by Admiral of actual fraud or misrepresentation on the part of Eaton.
Admiral urges us to hold that the trial court should have adopted the doctrine of mutual mistake which provides that when there is a basic assumption on which a contract was made, there is no meeting of the minds and the contract is void. A mistake which will in law or equity permit the reformation or rescission of a written contract is a mistake “which is reciprocal and common to both parties.” O’Reills Case, 258 Mass. 205. A written instrument is not voidable on the grounds of mistake by a party who may be deemed to bear the risk of mistake; that is, a party who “is aware at the time the contract is made that he has only a limited knowledge with respect to the facts to which the mistake relates, but treats his limited knowledge as sufficient.” Covich v. Chambers, Mass., (1979)b. Avoidance is not permitted just because one is disappointed in the hope *83 that facts accord with his wishes.
Admiral correctly contends that as a general rule, the omission of a term from a written lease is evidence that there was no understanding between the parties as to such term. Stop & Shop, Inc. v. Ganem, 347 Mass. 697, 701 (1964). Also, that the insertion of a material term subsequent to the execution of a contract may not, in the absence of ratification by the party to be charged, be binding on that party. Strother v. Shain, 322 Mass. 435, 437 (1948).
However, as in the instant case when a party signs a written instrument in blank, such incomplete instrument prima facie.carries with it authority to fill in the blanks. That prima facie evidence may be met by proof of the authority actually “given.” Tremont Trust Co. v. Noyes, 246 Mass. 197, 206 (1923).
The existence and terms of such an oral contract or agreement for the completion of the blank terms presented a question of fact for the trial court and do not, therefore, require a finding as a matter of law.
It is implicit in the court’s finding that Admiral was oblivious of, ignored or failed to make any specific reference to the number of months or payment blanks when negotiating for the second installation of the alarm system. Admiral may thus be deemed to have borne the risk of an unanticipated completion of the agreement by Sentry or by its agents or employees.
The familiar rule that “in the absence of fraud, one who signs a written agreement is bound by its terms whether he reads and understands it or not,” Spritz v. Lishner, 355 Mass. 162, 164 (1969), and whether he executes it in blank ovnot, Personal Finance Co. v. Zeltan in Mass. App. Dec. 19, 23 (1955), is dispositive herein.
There being no error, the report is dismissed.

So ordered.

 Mass. Adv. Sh. (1980) 897.

 Mass. App. Ct. Adv. Sh. (1979) 2345, 2351-2352.