## HADLEY *v.* PRATHER.

PLEADING.—*Counter-Claim.—Answer.*—No single pleading can perform the double office of answer and counter-claim.

CONTRACT.—*Breach of Parol Contract.—Acceptance.—Pleading.—Fraud.*—In a complaint upon a parol contract for the manufacture of a certain quantity of brick, at a certain price, and for laying them in a wall, at a certain additional price, the plaintiff alleged the manufacture of the brick, and the refusal of the defendant either to pay for the same or to permit the plaintiff to lay them in such wall. The defendant filed a counter-claim, admitting the contract for manufacturing and averring that he had paid for the same in full, but alleging, that, though the plaintiff had contracted to manufacture a first-class article, he had in fact manufactured an inferior and useless article.

*Held,* on demurrer, that the counter-claim is insufficient.

*Held,* also, no fraud being alleged, that the defendant, by accepting the article, became bound for its reasonable value.

SAME.—*Evidence.—Damages.*—Evidence showing the damages suffered by the plaintiff by reason of the alleged breach of contract is admissible under a general allegation in his complaint of damages.

PLEADING.—*Practice.—Harmless Error.*—Error in sustaining a demurrer to a paragraph of a pleading is harmless, if the facts therein alleged are admissible in evidence under a remaining paragraph.

INSTRUCTION.—*Harmless Refusal.*—Where the substance of an instruction refused is embraced in one given, the refusal is harmless.

From the Hendricks Circuit Court.

*E. G. Hogate* and *R. B. Blake,* for appellant.

*C. C. Nave* and *C. A. Nave,* for appellee.

NIBLACK, J.—This was a suit by Thomas L. Prather, against John Hadley, for the breach of an alleged parol contract.

The complaint was in two paragraphs.

The first paragraph was upon a contract for making and burning one hundred and fifty-eight thousand and eight hundred brick, on the land of Hadley, at the agreed price of three dollars and twenty-five cents per thousand, and for putting and laying said brick into a new brick house for said Hadley, on his farm, for the additional sum of three dollars and twenty-five cents per thousand.

The breach complained of was the failure to pay a bal-

ance due of eight dollars for making and burning the brick, and the refusal to allow Prather to lay the brick in the walls of the said new house, to be erected by Hadley on his said farm.

The second paragraph was upon a contract to make and burn a similar quantity of brick on the land of Hadley, at the price of three dollars and twenty-five cents per thousand, and for putting the said brick into a house for Hadley, on his farm, at the further sum of three dollars and twenty-five cents per thousand, to be measured in the wall.

The breach complained of was, also, a failure to pay for making and burning said brick, and a refusal to allow the said Prather to lay such brick into the walls of said house.

The defendant answered in four paragraphs:

1. The general denial.

2. Admitting the contract for making and burning the brick, but alleging that he had paid the plaintiff in full for the same; also alleging that the plaintiff was to make a first-class article of brick, when, in fact, the brick made were defective and of an inferior class, for the reasons that the clay out of which they were made was of a poor quality, that the brick were so set in the kiln that the benches gave way and the kiln burst, causing a great loss of brick, that the plaintiff failed to sufficiently cover the kiln, and the rain beat in upon said kiln while on fire, thus injuring the brick, and that the plaintiff failed to burn the brick long enough, so that they were soft and useless.

3. Admitting, also, the contract to have the brick made and burned, as charged in the complaint, and alleging payment for the same, but denying that there was any contract with the plaintiff for putting and laying said brick into the defendant's house, as the plaintiff alleged.

4. Again admitting the contract to make and burn the brick as charged, and alleging full payment in discharge

of such contract, but denying any contract with the plaintiff for laying said brick in the defendant's house.

The second paragraph, though nominally a part of the answer, was pleaded and intended as a counter-claim, and concluded with a prayer for affirmative relief.

A reply was filed in general denial of the fourth paragraph of the answer, and demurrers were sustained to the second and third paragraphs.

The jury trying the cause returned a verdict assessing the plaintiff's damages at one hundred and thirty-four dollars and fifty cents, and, disregarding a motion for a new trial, a judgment was rendered in accordance with the verdict, against the defendant.

Errors are assigned upon the sustaining of the demurrers to the second and third paragraphs of the answer respectively, and upon the overruling of the motion for a new trial.

It has been several times decided by this court, and ought by this time to be regarded as a well settled legal proposition, that a single pleading can not be made to perform the double office of an answer and a counter-claim. *Campbell* v. *Routt*, 42 Ind. 410; *Wilson* v. *Carpenter*, 62 Ind. 495.

The second paragraph, so-called, of the answer in this case is discussed in the argument here as a counter-claim, and as such we have considered it.

It is not averred in this counter-claim, that the alleged inferiority of the brick was not known to the defendant when he accepted and paid for them, nor that any fraud was practised upon him to induce him to accept and pay for them. Although he may have contracted for first-class brick, yet, if he voluntarily accepted an inferior article, he became bound to pay what the brick he accepted were reasonably worth, and, in the absence of any averment to the contrary, it can not be inferred that he did pay for them more than their fair value. There was no

error therefore in sustaining the demurrer to this second paragraph as a counter-claim.

The third and fourth paragraphs of the answer were substantially the same in their averments, and as all the evidence which might have been given under the third paragraph could have been, and probably was, given under the fourth, the defendant was not, at all events, injured by the decision of the court sustaining the demurrer to the third paragraph. Buskirk Practice, 284; *Strough* v. *Gear*, 48 Ind. 100.

Upon the trial, evidence was admitted, over the objection of the defendant, tending to show what the value of the alleged contract for putting the brick into the defendant's house would have been to the plaintiff, if he had been permitted to do the work contemplated by such contract. It is insisted, that this evidence was inadmissible, in the absence of an allegation of special damages in the complaint.

It is the rule, that, in cases of executory contracts, like the one under discussion, such damages as naturally result from the breach of the contract are presumed to have accrued to the injured party, and may be recovered under a general allegation of damages in the complaint, and that the measure of damages in such cases should be the difference between the contract price of the work to be done and the reasonable cost of the work at the usual and ordinary prices. *Lindley* v. *Dempsey*, 45 Ind. 246; *Dunn* v. *Johnson*, 33 Ind. 54.

We think the evidence objected to was properly admitted.

It is also insisted, that certain instructions given by the court to the jury, on its own motion, were erroneously given, but, as these instructions were in substantial accordance with the rules above laid down for the recovery and measure of damages, we are of the opinion that they gave the law correctly to the jury, as to all the matters to which they related.

Taking the instructions given to the jury altogether, we are of the opinion, that they were as favorable to the defendant as he had any just reason to expect.

It is further insisted, that the court erred on the trial in refusing to give two instructions prayed for by the defendant.

Waiving any discussion as to the correctness of the instructions prayed, as applicable to the case at bar, we are further of the opinion, that the questions of law raised by them were better and more fully presented by the instructions given by the court upon its own motion.

Under such circumstances, the court did not err in refusing to give the instructions thus prayed for by the defendant.

We are unable to see any reason why a new trial should have been granted.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.