LAWRENCE SHERLAG *vs.* SAMUEL J. KELLEY.

Bristol.    October 27, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Death.  Action.  Contract,* Implied, Performance and breach.  *Pleading, Civil,* Declaration.  *Damages.  Physicians and Surgeons.*

It is settled law in this Commonwealth that unless a remedy is given by statute there can be no recovery for the death of a person wrongfully caused by another, and this rule, as to all elements of damage which arise solely from death, applies to actions of contract as well as to actions of tort.

A husband cannot maintain an action of contract against a physician to recover damages caused by the death of the plaintiff's wife by reason of the defendant's failure to perform his professional services with skill and care when employed by the plaintiff to attend her.

A husband may maintain an action of contract against a physician for a breach of his implied contract to perform his professional services with skill and care when employed by the plaintiff to attend the plaintiff's wife, which caused the plaintiff additional expenses for her nursing, care and treatment, and he is none the less entitled to recover the amount of such expenses because the breach of contract which caused them also caused his wife's death.

It is a general rule of pleading that a breach of contract may be assigned in the negative of the words of the contract.    The exception is when such a negative does not show that there was such a breach.

Under our practice act the *ad damnum* is a sufficient allegation of damage in actions of contract as well as in actions of tort in all cases in which special damages are not claimed.

In an action by a husband against a physician for a breach of his implied contract to perform his professional services with skill and care when employed by the plaintiff to attend the plaintiff's wife, where there was no averment of expenses

incurred by the plaintiff by reason of the defendant's breach of contract, and the declaration contained merely a statement of the contract and an allegation of the breach of it, the only allegation of damage being in the *ad damnum,* the court did not consider the question whether further averments would be necessary to entitle the plaintiff to recover more than nominal damages, the only question before the court being whether the plaintiff had a right of action for damages either nominal or substantial.

CONTRACT with a declaration as follows: " And the plaintiff says that on or about April 4, 1903, the defendant was and still is a physician practicing his profession in Fall River in said county; that on or about said date the defendant held himself out as possessing the knowledge, skill and ability usual among physicians, and that believing the defendant to have such knowledge, skill and ability, he, the plaintiff, employed and paid him to attend his, the plaintiff's, wife in child-birth, and to give her the proper and necessary medical care, attention and services incident thereto, which the defendant promised and agreed to render; yet the defendant not regarding his promise in that behalf, did not render such care, attention and service, but wholly failed and neglected to do so, and so unskilfully, negligently and carelessly attended her, the plaintiff's wife, and so failed to give her due and proper medical care, treatment and attention that she died, so that the plaintiff wholly lost and was utterly deprived of all benefit of her services, care, comfort and society." Writ dated February 10, 1908, alleging damage to the plaintiff in the sum of $5,000.

The defendant demurred, and as causes of demurrer assigned the following:

" 1. For that no action of contract by the husband lies to recover damages for the alleged causing of the death of his wife.

" 2. For that no action of contract lies by the husband to recover damages for loss of consortium, companionship or services of his wife by reason of her death.

" 3. For that the plaintiff cannot recover in an action of contract for alleged injury to his wife resulting in her death as stated in his declaration."

In the Superior Court the case was heard by *Raymond,* J., who sustained the demurrer and ordered judgment for the defendant. From the judgment entered in accordance with this order the plaintiff appealed.

*F. A. Pease,* for the plaintiff.

*H. A. Dubuque,* for the defendant.

KNOWLTON, C. J. The question intended to be raised by the defendant's demurrer to the declaration, and the question principally discussed at the argument is whether, under an action of contract brought upon the implied agreement of a physician with a husband to render necessary and proper medical care and service to his wife in her illness, a recovery can be had for the husband's loss of her society, care and comfort, resulting from her death caused by the defendant's failure to perform his contract.

For many years it has been held in this Commonwealth that, without a statutory provision, no recovery can be had for the death of a person, however wrongfully caused by another. This has been decided in cases where the plaintiff was in such relations to the deceased person that, by reason of the death, he was deprived of valuable legal rights, as in the case of a husband suing for loss of the services and consortium of his wife whose death was caused by the defendant's negligence, (*Carey* v. *Berkshire Railroad,* 1 Cush. 475,) and in a similar case, where the action was brought by a father for loss of services of his minor son. *Skinner* v. *Housatonic Railroad,* 1 Cush. 475. So it was held that a promise to pay an annuity to a widow, on account of the death of her husband through the defendant's negligence, and upon her agreement to forbear to sue, could not be enforced, although she was deprived of her husband's support and of his consortium. *Palfrey* v. *Portland, Saco & Portsmouth Railroad,* 4 Allen, 55. See *Nolin* v. *Pearson,* 191 Mass. 283. It was recognized that in some countries, under different systems of jurisprudence, the law was different. *Carey* v. *Berkshire Railroad,* 1 Cush. 475. But, except as changed by statute, this doctrine is firmly established in the law of this Commonwealth. *Barrett* v. *Dolan,* 130 Mass. 366. *Richardson* v. *New York Central Railroad,* 98 Mass. 85, 89. *Worcester & Suburban Street Railway* v. *Travelers Ins. Co.* 180 Mass. 263, 265. The decisions exclude, as a ground of recovery, all elements of damage which arise solely from death, and as to such damage they are as applicable to actions of contract as to actions of tort.

The whole subject is now covered by statutes, of which some apply only to deaths caused by certain corporations or classes of

persons, as railroad and street railway corporations, common carriers and employers of labor, and one is general, (R. L. c. 171, § 2, amended by St. 1907, c. 375,) applying to all other corporations and persons. This last statute covers death by negligence, whether the relations of the parties are such that there is a breach of an express or implied contract, or whether the duty neglected arises outside of any contract. The remedy given by it is exclusive of any other in the cases to which it applies; and if the present plaintiff had brought his action seasonably, he would have been entitled to a recovery under it. So far as the plaintiff claims damages growing out of the death of his wife, we are of opinion that the first and second grounds of demurrer are a bar to his recovery.

The third ground of demurrer is as follows: "For that the plaintiff cannot recover in an action of contract for alleged injury to his wife, resulting in her death, as stated in the declaration." If, through a breach of the defendant's contract, there was an injury to the plaintiff's wife that caused him damage, he can recover for it in an action of contract, notwithstanding that it finally resulted in her death. If he was caused additional expenses for her nursing, care and treatment by the defendant's failure to perform his contract he is entitled to damages. The fact that his wife subsequently died from the same cause is immaterial. As to this part of the case the declaration may be considered as if the allegation of death and the consequences of the death were omitted.

The demurrer does not distinctly raise the question whether the declaration is insufficient to permit a recovery of nominal damages or of actual general damages, if any were suffered previous to her death. If the question were raised, we should be obliged to answer it adversely to the defendant. The implied contract is set out, and the defendant's failure to perform it. In *Hagan* v. *Riley*, 13 Gray, 515, Chief Justice Shaw says, "For every breach of a promise made on good consideration the law awards some damage."

The breach is sufficiently alleged. It is a general rule in pleading that a breach of a contract may be assigned in the negative of the words of the contract. The exception is when such a negative does not plainly show that there is a breach. *Mar-*

*ston* v. *Hobbs*, 2 Mass. 433. *Bacon* v. *Lincoln*, 4 Cush. 210. *Fisk* v. *Hicks*, 31 N. H. 535, 541. *Randel* v. *Chesapeake & Delaware Canal Co.* 1 Harr. (Del.) 151, 175. *Karthaus* v. *Owings*, 2 G. & J. (Md.) 430, 441. *Poirier* v. *Gravel*, 88 Cal. 79, 82. *Westbrook* v. *Schmaus*, 51 Kans. 558, 561.

The only averment of damages is general, in the *ad damnum*. Where there are previous averments that show a liability this is enough, unless special damages are claimed. The forms of pleading previously used in this Commonwealth are authorized by the R. L. c. 173, § 130. In the Pub. Sts. c. 167, § 94, under the forms of declarations in actions of tort, is this language: " The *ad damnum* is a sufficient allegation of damage in all cases in which special damages are not claimed." In the form of declaration for breach of promise of marriage, there is no reference to the subject of damages, but the claim is left to the *ad damnum*. This is also true of some of the other forms in actions of contract in the same section. The principle is recognized in many cases. *Baldwin* v. *Western Railroad*, 4 Gray, 333. *Prentiss* v. *Barnes*, 6 Allen, 410. *Warner* v. *Bacon*, 8 Gray, 397. *Postlewaite* v. *Wise*, 17 W. Va. 1, 24. *Hoffman* v. *Dickinson*, 31 W. Va. 142, 146. *Louisville, New Albany & Chicago Railroad* v. *Smith*, 58 Ind. 575. *Laraway* v. *Perkins*, 10 N. Y. 371. *Peters* v. *Cooper*, 95 Mich. 191. *McCarty* v. *Beach*, 10 Cal. 461. *Mitchell* v. *Clarke*, 71 Cal. 163, 167. *Packard* v. *Slack*, 32 Vt. 9. *Wilson* v. *Clarke*, 20 Minn. 367. *Hadley* v. *Prather*, 64 Ind. 137. The declaration is sufficient to entitle the plaintiff to recover nominal damages, and general damages if any resulted to the husband from a breach of such a contract as is set out. There being no other averments than the statement of the contract and an allegation of a breach of it, it does not appear whether there will be a claim of general damage to the plaintiff in his wife's lifetime, and we need not consider whether further averments would be necessary to entitle him to anything more than nominal damages.

Because the declaration states a cause of action in the plaintiff, without reference to the averments of the death of his wife and the damages resulting from it, the judgment is reversed and the demurrer is overruled.

*So ordered.*