HANNAH T. McCARTHY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

MICHAEL J. McCARTHY *vs.* SAME.

Middlesex.   March 15, 1916. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Street railway, Mental suffering.   *Practice, Civil,* Rulings and instructions.   *Pleading, Civil,* Declaration.   *Damages,* Special.

In an action by a woman, against a corporation operating street and elevated railways, for personal injuries alleged to have been sustained by reason of a car of the defendant running into the rear of another car of the defendant in which the

---

* By *Fessenden,* J., who ordered a verdict for the defendant Fuller and reported the case for determination by this court.

plaintiff was a passenger, there was evidence that as a result of the collision all the passengers in the car in which the plaintiff was were thrown to the floor, that afterwards a man was seen putting the plaintiff back upon a seat of the car, that she was carried out of the car to her home and was in a condition of collapse and unable to walk, that on the day of the accident or the next day the plaintiff's husband "saw a mark on his wife's right hip and right elbow that appeared to be a bruise," that the physician who attended her on the day of the accident when he first examined her diagnosed her case as an injury to the back, "that he thought there was a little redness at the time" although there were no abrasions or black and blue spots. *Held,* that this evidence warranted a finding that the injuries received by the plaintiff were not wholly mental, but were physical injuries for which she was entitled to recover damages together with damages for mental suffering that arose out of or accompanied such physical injuries.

At the trial of an action by a woman for personal injuries, where it appears that, before the accident which caused her injuries, the plaintiff was a strong, healthy, robust woman about twenty-seven years of age, and there is nothing to indicate that she was "a person of peculiar sensitiveness," it is proper for the presiding judge to refuse to give an instruction to the jury as to its not being the duty of the defendant to anticipate an injurious result which would happen only to a person of peculiar sensitiveness, irrespective of the question whether the ruling requested would be a correct one if it were applicable to the facts of the case.

In an action against a corporation operating street and elevated railways for personal injuries sustained by reason of an accident, which caused mental suffering as well as some physical injury, a general averment of damages in the declaration is sufficient to cover the proof of physical and mental suffering of the plaintiff based upon permanent injury, a claim for permanent injury not being a matter of special damage.

In the action mentioned above there was evidence that the plaintiff after the accident had suffered from hysteria which had continued down to the time of the trial, that as a result of this condition she had been in a state of unconsciousness on different occasions and had been confined to her bed most of the time, and her family physician testified that her ultimate recovery was problematical and unlikely. There was other medical testimony to the effect that in some cases of hysteria the persons so suffering became chronic invalids and that it could not be determined when, if ever, the plaintiff would recover. *Held,* that there was evidence warranting a finding that the plaintiff was injured permanently.

Two ACTIONS OF TORT, the first for personal injuries sustained by the plaintiff on July 3, 1914, when she was a passenger in a car of the defendant, by reason of the car being run into from behind by another car of the defendant at the defendant's station at Sullivan Square in the part of Boston called Charlestown, and the second action by the husband of the plaintiff in the first action for damages incurred by reason of her injuries. Writs dated respectively September 21, 1914, and November 11, 1914.

In the Superior Court the cases were tried together before

*Hardy*, J. The admissions of the defendant and the evidence are described in the opinion. .

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There is no sufficient evidence that in consequence of the collision of cars the plaintiff suffered any physical injury.

"3. There is no sufficient evidence of direct injury to the plaintiff from without, arising from the collision of cars, to enable the plaintiff to recover.

"4. There is no sufficient evidence of a substantial battery to the person of the plaintiff to entitle her to recover."

"7. The defendant is not bound to anticipate or guard against an injurious result which would happen only to a person of peculiar sensitiveness.

"8. There is no sufficient averment in the declaration to entitle the plaintiff to recover damages on the theory that she is permanently injured.

"9. There is no sufficient evidence warranting a finding that the plaintiff is permanently injured."

"12. If, under the instructions of the court, the jury find that there were such physical injuries in this case as to permit the recovery of damages, then, in determining the damages to be awarded the jury must eliminate from consideration such of the plaintiff's symptoms, or demonstrations, if any, as could have been prevented by the exercise of such self control as the plaintiff was capable of at the time of such symptoms or demonstrations.

"13. If the jury believe that the plaintiff has had fits, spasms, or spells since the accident, and if the jury also believe that the coming on of such fits, spasms or spells was always, or sometimes, under the plaintiff's control in the sense that she could by the exercise of the will power or self control of which she was capable have always, or sometimes, prevented them from happening, had she wished to do so, then, so far as that was the case, she cannot recover for fits, spasms, or spells, so preventable or for their consequences."

The judge refused to make these rulings, although the twelfth and thirteenth are held to have been covered substantially by the charge.

The charge of the judge contained the following portions:

"Now, the burden on the plaintiff is to satisfy you by a fair preponderance of the evidence that she sustained a certain injury to such extent whereby she claims compensation; as to the character of that injury, whether temporary or permanent. And that burden must outweigh the burden of the evidence of the defendant. She must show her case by a fair preponderance of evidence. It does not mean that she must introduce more witnesses than the defendant introduces. In that respect you have to use good judgment, your common sense, you have to weigh the evidence, the quality of it and say whether you draw the same conclusions that the witnesses do here about the actual situation in the case."

"Now, in this particular case, supposing this plaintiff in this collision received only a sense of fright; supposing she remained in her seat where she was sitting and there was no physical injury imposed on her body and the only thing that she suffered from was the mental shock, the nervous shock as the result of fear, then she would not be entitled to recover. You must be satisfied on all the evidence that there was some physical injury imposed upon her. It may be slight — only a slight injury. You have evidence that she was thrown down in the car and she suffered some marks of physical injury found by the doctor, and it is for you to say that that occurred. If you are so satisfied, then you may take into consideration any mental shock imposed by some fear of physical violence — imposed on the body."

"The company is only liable for those consequences which can be traced to failure of duty by the company as the proximate cause. What do you find? It is claimed by the plaintiff that you ought to find that she received an injury to the extent that can be traced to this as the proximate cause; that these injuries will continue in future, and you are to weigh that and say whether you are satisfied of that."

"Now, there is some issue here as to the nature and character of the injury. Is it temporary or permanent in its character? That of course, is a question of fact and you have the opinions of experts, the opinions of men who have had some experience in this sort of thing and they tell you what they believe. It is for you to say how far their opinions founded on the evidence help you in forming yours. You are here to give the final opinion and so far

as you find that the evidence shows that it is temporary or permanent in its nature, so far you will be under obligation to give her fair and reasonable compensation."

The jury returned a verdict for the plaintiff in the first case in the sum of $10,000 and a verdict for the plaintiff in the second case in the sum of $1,000. The defendant alleged exceptions.

*F. J. Carney*, for the defendant.

*A. J. Daly*, for the plaintiffs.

CROSBY, J. The plaintiff in the first action, a passenger, seeks to recover for personal injuries, alleged to have been received in a collision of the defendant's cars. The second action is brought by the husband of the plaintiff in the first action, for consequential damages.

The plaintiff in the first action hereafter will be referred to as the plaintiff.

At the trial of these cases in the Superior Court it was admitted that the collision was due to negligence on the part of the defendant and that the plaintiff was in the exercise of due care.

1. It is undoubtedly true that there can be no recovery for personal injuries in cases of this kind, where the only result of the injury is fright or mental distress unaccompanied by some physical injury to the person from without. *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285. *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310. *Steverman* v. *Boston Elevated Railway*, 205 Mass. 508. *Conley* v. *United Drug Co.* 218 Mass. 238. *Megathlin* v. *Boston Elevated Railway*, 220 Mass. 558.

The collision was caused by a car of the defendant running into the rear end of the car in which the plaintiff was a passenger. There was evidence that as a result of the collision all the passengers were thrown to the floor; that afterwards a man was seen putting the plaintiff back upon the seat of the car; that she was carried out of the car and to her home, and that she was in a condition of collapse and unable to walk; that on the day of the accident or the next day, the plaintiff's husband "saw a mark on his wife's right hip and right elbow that appeared to be a bruise." The physician who attended her on the day of the accident testified that when he first examined her he diagnosed her case as an injury to the back; "that he thought there was a little redness at the time" although there were no abrasions or black and blue

spots. This evidence, if believed, would justify a finding that the injuries which the plaintiff received were not wholly mental but were also of a physical character for which she was entitled to recover, together with the mental suffering which arose out of or accompanied such physical injuries.

If a person meets with such an accident as happened to the plaintiff, and shortly afterwards marks and bruises are found upon the body, we think it is a reasonable inference that such marks and bruises were caused by the accident and that it could not be ruled that the cause thereof was speculative or conjectural; accordingly, the defendant's first, second, third and fourth requests could not have been given.

2. There was evidence to show that before the accident the plaintiff was a strong, healthy, robust woman about twenty-seven years of age. There was no evidence to show that she was "a person of peculiar sensitiveness," and therefore, the defendant's seventh request was not applicable. We do not mean to intimate that the ruling is sound.

3. The averment of damages in the declaration is general, and where there are averments that show a liability, this is sufficient unless special damages are sought to be recovered. As was said by this court in *Sherlag* v. *Kelley*, 200 Mass. 232, at page 236, "The forms of pleading previously used in this Commonwealth are authorized by the R. L. c. 173, § 130. In Pub. Sts. c. 167, § 94, under the forms of declarations in actions of tort, is this language: 'The *ad damnum* is a sufficient allegation of damage in all cases in which special damages are not claimed.'" The declaration alleges that "while a passenger, as aforesaid, she was injured by reason of the negligence of its (the defendants) servants and agents in operating, managing and controlling said car. Wherefore the plaintiff claims damage." Under this averment the plaintiff was entitled to recover for such damages as were the natural and necessary result of the defendant's negligence. Whatever may be the rule elsewhere, we think that in this Commonwealth the jury were authorized to consider as elements of damage the physical and mental suffering of the plaintiff based upon permanent injury, if proved to be of that character. We do not think that a claim for permanent injury can be regarded as special damages and so the defendant's eighth request was re-

fused properly. *Millmore* v. *Boston Eelvated Railway*, 198 Mass. 370. *Sherlag* v. *Kelley*, *supra*. *Emery* v. *Lowell*, 109 Mass. 197.

4. The evidence shows that the plaintiff, since the accident, has suffered from hysteria which has continued down to the time of the trial; that as a result of her condition she has been in a state of unconsciousness on different occasions, and has been confined to her bed most of the time. Her family physician who attended her testified that "he thought the future of the plaintiff as to ultimate recovery was very problematical; that he was led to that assumption because the woman had been sick for a year and a half; that she was in a miserable condition; stiffness in one leg; lack of sensation in the other; . . . that she did not use both legs at all well and only in a limited way; that she had a paralyzed arm, a stiffness and inability to use it; that she was a nervous and he might say a physical wreck . . . that he would not want to predict about·her future recovery but he thought she would never be the woman she was before, but that he could not absolutely say that she had any organic disease, but the trouble has lasted so long that there must be some profound change in her nervous organism . . . some profound change of which I do not know anything, and yet it seems it is something that we do not think she is going to recover from." There was other medical testimony to the effect that in some cases of hysteria the persons so suffering became chronic invalids and that it could not be determined when, if ever, the plaintiff would recover.

On the other hand, there was evidence that the plaintiff's disease was wholly mental and that she was not suffering from any permanent injury.

Upon this conflicting evidence the jury could have found that the plaintiff's injury was permanent and that damages might be assessed accordingly.

5. The defendant's twelfth and thirteenth requests were substantially covered by the charge. The instructions given by the presiding judge correctly stated the principles of law applicable to the issues presented which were elucidated by apt illustrations.

. As we are unable to discover any error in the conduct of the trial, in each case the entry must be

*Exceptions overruled.*