SAMUEL MEZOFF & others *vs.* UNITED KOSHER BUTCHERS ASSOCIATION, INC. & others.

Suffolk.    November 24, 1930. — January 7, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Pleading and Practice,* Decree, Appeal.

Upon appeal by the plaintiff in a suit in equity from a final decree dismissing the bill, which was entered following the entry of an interlocutory decree sustaining, without specification of particular grounds, a demurrer by the defendant assigning numerous grounds, including complete remedy at law, want of equity, multifariousness, vagueness, want of necessary parties and grounds going to the merits of the allegations, this court ordered the words "without prejudice" inserted after the word "dismissed" in the final decree; and, as so amended, the final decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on March 18, 1930, and afterwards amended.

The defendants demurred. By order of *Dillon,* J., there were entered an interlocutory decree sustaining the demurrer, and a final decree dismissing the bill. The plaintiffs appealed from the final decree.

*L. A. Mayberry & H. L. Barrett,* for the plaintiffs, submitted a brief.

No argument nor brief for the defendants.

RUGG, C.J. The defendants filed a demurrer to the plaintiffs' bill in equity, assigning numerous causes, in-

cluding complete remedy at law, want of equity, multifariousness, vagueness and want of necessary parties, and also other causes going to the merits of the allegations. By interlocutory decree it was ordered that the demurrer be sustained but without specifying any particular grounds. On the same day motion was· made that the bill be dismissed as to six out of the seven defendants. While it does not appear expressly on the record, it is a fair inference that this motion was presented by the plaintiffs because an interlocutory decree dismissing the bill as to those defendants was assented to in writing by their attorney. Such assent would have been at least unnecessary, if the motion had been made by those defendants. A final decree was entered dismissing the bill. The plaintiffs appealed. The only issue argued is that the bill ought to have been dismissed " without prejudice."

The effect of sustaining the demurrer without specification of the causes upon which that action rested was to leave in doubt the causes adjudged sufficient. In appropriate circumstances a decree entered upon sustaining a demurrer is as conclusive of the merits of the cause of action alleged in the bill as one entered after a decision founded on a hearing of the evidence. It may bar another suit under the doctrine of *res judicata*. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 205. *Keown* v. *Keown,* 231 Mass. 404, 408. *Capaccio* v. *Merrill,* 222 Mass. 308.

When conditions warrant, it is permissible to show by oral evidence the precise ground on which a decree in a former suit rested, in order to determine whether it ought to have the effect of *res judicata*. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 49. In the case at bar it is stated in the brief for the plaintiffs that another suit has been instituted by them touching the same general cause of action. It may well be that a hearing will be required to determine the precise scope of the present decree. In such circumstances, it is better, in the absence of specification of the causes of demurrer sustained, that the decree should be entered without preju-

dice. *Christiansen* v. *Dixon*, 271 Mass. 475. *Wight* v. *Wight*, 272 Mass. 154. It follows that the final decree ought to be amended by the insertion of the words "without prejudice" after the word "dismissed," and as thus amended is affirmed.

*Ordered accordingly.*