YVONNE RATTÉ, administratrix, *vs.* YVONNE FORAND & another.

Bristol.　October 26, 1937. — January 4, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Jurisdiction*, Remedy at law. *Contract*, Implied. *Equity Pleading and Practice*, Demurrer, Appeal.

The administrator of the estate of one whose life was insured without his knowledge and without his furnishing premiums therefor could not maintain a suit in equity for the proceeds of the insurance against one who through fraud had procured its issuance and had received its proceeds.

The administrator of the estate of one who had insured his life without naming a beneficiary had an adequate remedy at law against one who through fraud had obtained payment of the proceeds of the insurance.

If a demurrer to a bill in equity on several grounds ought to be sustained on any ground, a decree sustaining it will be affirmed on appeal whatever ground is stated in the decree.

BILL IN EQUITY, filed in the Superior Court on April 28, 1936, against Yvonne Forand and Leon A. Forand.

A demurrer was sustained by *Brown*, J., and a final decree entered dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*F. J. McOsker*, for the plaintiff.

*G. L. Sisson*, for the defendants.

LUMMUS, J. The plaintiff appeals from a final decree dismissing the bill after the sustaining of a demurrer. Her case is this. She is the administratrix of the estate of Marie Ratté. In 1927, at the request of the defendants, who are husband and wife, the John Hancock Mutual Life Insurance Company issued an insurance policy, apparently on the life of Marie Ratté though not so expressly stated, without

her knowledge, through false representations that the female defendant was a niece of Marie Ratté, and by concealment of the fact that she had an incurable cancer. After her death the defendants collected the proceeds of the policy. In 1933 the same thing happened with respect to another policy issued by the Prudential Insurance Company of America. At some later time a similar thing happened with respect to the last named company, but no beneficiary was named in the policy and the collection of the proceeds awaits the determination of this suit.

So far as the plaintiff's case depends upon the policies already mentioned, she states no case for relief. Her intestate did not take out the policies, furnish the premiums for them, or know anything about them. If the defendants had no insurable interest in the life of Marie Ratté, and obtained the policies from the insurers by fraud, that was a matter between the defendants and the insurers, which gave no rights to Marie Ratté or her estate.

The bill, however, makes the following allegations about another policy. In 1932 Marie Ratté obtained a policy of life insurance in the amount of $300 from the Metropolitan Life Insurance Company, with no beneficiary named. By false and fraudulent representations that she had paid all the premiums and was liable for the expenses of the last illness of Marie Ratté and for the expenses of her burial, the defendant Yvonne Forand induced the insurer to pay her the amount of the policy. The defendant Leon A. Forand, her husband, is not charged with complicity in her fraud. The bill alleges upon information and belief that the money received upon all the policies mentioned in the bill was "spent or disbursed or used in the improvement of a certain dwelling house and garage owned by the respondents." As we interpret that ambiguous allegation, it does not assert that the $300 received from the insurer in discharge of this policy was invested in the real estate rather than "spent" for undisclosed purposes. The plaintiff does not show that she has not an adequate remedy at law in an action against Yvonne Forand for money had and received, even though it be assumed that under some provision of the policy the

insurer discharged its obligation in paying her.  See *Cataldo
.v. Woodside,* 295 Mass. 586, 588, and cases cited.  The case
is not within *Buzzell* v. *Schulz,* 273 Mass. 372, or the cases
therein cited.

The adequacy of the remedy at law was the first ground
stated in the demurrer.  Although the judge sustained the
demurrer on other grounds, a demurrer is a unit; it cannot
be sustained on one ground and overruled on another, but
must be sustained or overruled as a unit, no matter how
many grounds are stated.  It is true that a statement of the
grounds upon which the judge sustains a demurrer may be
useful.  *Mezoff* v. *United Kosher Butchers Association, Inc.*
274 Mass. 174.  *Montgomery* v. *Richards,* 275 Mass. 553.
*Abbott* v. *Bean,* 295 Mass. 268.  But on appeal it is imma-
terial which of the several grounds was relied on by the judge
in sustaining the demurrer.  On appeal all grounds stated
are open.  *Derby* v. *Derby,* 248 Mass. 310, 314.  *Mulcahy*
v. *Huddell,* 272 Mass. 539, 543, 544.  *Gillis* v. *Bonelli-Adams
Co.* 284 Mass. 176, 180.  *J. C. Penney Co. Inc.* v. *Schulte
Real Estate Co. Inc.* 292 Mass. 42.  *McCarter* v. *United New
Jersey Railroad & Canal Co.* 6 Buch. 323.  *Canton Cotton
Warehouse Co.* v. *Potts,* 68 Miss. 637.  *Kinney* v. *Reeves &
Co.* 139 Ala. 386.  *Hammons* v. *Hammons,* 228 Ala. 264.
Compare *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128,
130, 131.

*Decree affirmed with costs.*