HYMAN BECKER *vs.* FRANK C. CALNAN & others.

Suffolk.   December 9, 1942. — April 26, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Voluntary Association.   Labor and Labor Union.   Officer.   Equity Pleading and Practice,* Bill, Demurrer, Appeal, Stipulation, Parties.

An appeal from a decree, sustaining a demurrer to a bill in equity on one of two grounds stated therein and overruling it on the other, presents both grounds for consideration by this court, which will affirm the decree if the demurrer should have been sustained on the ground on which it was overruled in the lower court, regardless of the ground on which it was there sustained.

The truth of conclusions of fact and of law averred in a bill in equity but not supported by allegations of particular facts is not admitted by a demurrer to the bill.

A stipulation of counsel for the parties to a bill in equity, seeking to incorporate certain documents into the bill and filed after the entry of an interlocutory decree sustaining a demurrer to the bill and before an appeal therefrom and not signed by the trial judge, was ineffectual on the appeal.

There was no merit in a complaint by a member of an unincorporated labor union that a majority of its executive board which expelled him after a hearing had not been properly chosen in accordance with the constitution of the union, if it appeared that they actually had held office for about two years under purported appointments; in such circumstances they must be deemed officers de facto.

There is nothing contrary to natural justice in the mere fact that a member of a local labor union tribunal who has taken part in a decision resulting in expulsion of a member of the local sat also as a member of a higher labor union tribunal on an appeal from such decision.

Particular facts averred in a bill in equity were insufficient on demurrer to support a conclusion that a labor union board, hearing an appeal from a decision of a tribunal of a lower affiliated union expelling a member of that union, had not accorded him a fair hearing in good faith and in conformity to the governing laws of the unions, or to show that he was entitled to relief respecting a decision by such board affirming his expulsion.

A strict observance of all the proprieties of an established court of justice is not to be expected of tribunals of laymen set up by mutual agreement among the members of unincorporated labor unions. Per Qua, J.

A bill in equity against individuals as representatives of unincorporated labor unions should not be taken pro confesso against the unions where the individuals appeared and pleaded.

BILL IN EQUITY, filed in the Superior Court on May 29, 1942.

The plaintiff moved that the bill be taken pro confesso as against the unincorporated bodies of which the named defendants were representative.

The defendants filed demurrers to the bill on two grounds, namely, that "the matters alleged in the bill are not such as to entitle the plaintiff to relief in equity," and that the plaintiff had "failed to exhaust his remedies within the organization."

After hearing by *Williams*, J., interlocutory decrees were entered denying the motion that the bill be taken pro confesso, overruling the demurrers on the first ground and sustaining them on the second; and a final decree was entered dismissing the bill. The plaintiff appealed from all decrees.

*E. T. Doherty*, (*D. DeC. Donovan* with him,) for the plaintiff.

*H. R. Donaghue*, for the defendants.

QUA, J. This suit is here after the sustaining by the Superior Court of demurrers to the plaintiff's amended bill. The demurrers were upon two grounds. Both grounds are open for consideration here, although the trial judge sustained the demurrers upon only one of them. *Ratté* v. *Forind*, 299 Mass. 185, 187. *Walter* v. *McCarvel*, 309 Mass. 260, 263.

We think the demurrers must be sustained on the general ground first set forth in each of them, which is in substance that the plaintiff has failed to state a case.

The bill contains numerous conclusions of fact and of law not supported by allegations of particular facts and at one or two points seems contradictory. It is difficult of precise analysis. However, in a general way, the case intended is that the named defendants are fairly representative of the Newspaper Chauffeurs, Distributors and Helpers Union No. 259 (also called Local 259), the Teamsters, Chauffeurs, Warehousemen and Helpers Joint Council No. 10 of Boston and Vicinity, and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, all voluntary associations, whose members are "too numerous to be described and served"; that the plaintiff was a member of the Local; that in August, 1941, a dispute occurred between the Becker Transportation Company, in which the plaintiff was interested, and another local, No. 995; that the plaintiff believed that the Becker Transportation Company was right in this dispute and that he had a right temporarily to assist that company; that on or about August 15 the defendant Calnan preferred to the executive board of the plaintiff's own local, No. 259, charges against the plaintiff of violation of his oath of loyalty to the Local and to the International and of "gross disloyalty, or conduct unbecoming a member"; that the plaintiff, "after reserving his rights to the jurisdiction of said board," was tried before it, found guilty, and sentenced to expulsion for life from the Local; that he appealed to the Joint Council and, "again reserving his right to the jurisdiction," appeared before the executive board of the Joint Council, which ordered that he be suspended from membership for six months and fined $500; that the plaintiff, "still reserving his rights to the jurisdiction," appealed to the general executive board, and the local executive board also appealed; that the general executive board reversed the decision of the Joint Council and again expelled the plaintiff for life from membership in Local 259. There are allegations of loss of employment and prayers that the proceedings before the several boards be declared void, for injunctive relief, and for damages. The gist of the bill is alleged wrongful expulsion, or purported expulsion, from the Local.

The Local had a right to expel the plaintiff for the causes charged against him, provided that it acted in good faith, consistently with the principles of natural justice, and in accordance with the association's own governing laws. *Snay* v. *Lovely,* 276 Mass. 159, 163, 164, and cases cited. *Cohen* v. *Silver,* 277 Mass. 230, 235. *Sullivan* v. *Barrows,* 303 Mass. 197, 201.. See *Clark* v. *Morgan,* 271 Mass. 164. Recognizing this principle, the plaintiff attacks the composition of the first two boards as not in accordance with the constitution of the International, and here appear two difficulties that pervade the entire bill: (1) there are no positive allegations of the relationship or affiliation between the Local and the Joint Council or between the Local and the International to show that the Local or its members were part and parcel of the International, or that the provisions of the constitution of the International set forth in the bill controlled the appeals described in the matters of which the bill complains (compare *Walsh* v. *Reardon,* 274 Mass. 530, 534), and (2) it does not appear that the portions of the constitution set forth were all the provisions applicable to these several matters. An attempt to cure the latter difficulty by a so called "Stipulation on Appeal," signed by counsel, wherein they agree that the plaintiff "has made profert of all the Constitutions referred to in the pleadings and has filed the same in court" is not effective to incorporate these constitutions into the bill by reference, amendment, or otherwise. This paper appears to have been filed after the entry of the interlocutory decrees sustaining the demurrers. It is not signed by the judge, and so far as appears he never knew of it. Parties cannot make a new case for themselves in this manner after a ruling by the judge. *Gorey* v. *Guarente,* 303 Mass. 569, 570, 571. *Commonwealth* v. *Anderson,* 308 Mass. 370, 371. Compare G. L. (Ter. Ed.) c. 231, § 7, Eleventh.

The two defects in the bill just mentioned might in themselves prove fatal to it. We prefer, however, to examine the bill further and to assume for the purposes of this opinion that the Local was a subordinate or affiliate of the International; that the plaintiff was a member of and had rights in both; and that the Joint Council bore such relation to the

Local and to the International that the plaintiff could appeal to and from the executive board of the Council.

If, regarding the bill in this aspect, it is possible to piece together various separated allegations to show that a majority of the local executive board had not been properly chosen in accordance with the constitution of the International, yet the bill seems to say that they had actually held their offices under their assumed appointments for approximately two years, and we think that for the purposes of this case they must be deemed to have been officers de facto. *Attorney General* v. *Crocker*, 138 Mass. 214. *Tufts* v. *Waltham Auto Bus Co.* 273 Mass. 390, 395. *Commonwealth* v. *DiStasio*, 297 Mass. 347, certiorari denied, sub nomine *DiStasio* v. *Massachusetts*, 302 U. S. 683, and cases cited. The plaintiff was therefore subject to their jurisdiction.

The plaintiff next challenges the composition of the executive board of the Joint Council. His attack centers upon a provision of the constitution of the International that no one shall be eligible to be a voting member of the Joint Council unless he is a "duly elected" officer of a local union. It is alleged that at the hearing on the plaintiff's appeal "there were permitted to sit in judgment" not only appointees of the "trustee" of Local 259, who had already heard the case, but others appointed from several other locals, also in "trusteeship," none of whom were elected officers. How many of such officers were permitted to sit and whether they constituted a majority or a small minority of the board does not appear. The constitutional provisions set forth in the bill are not complete enough to make it clear that a distinction was intended in the constitution between "duly elected" and appointed officers in those presumably rare instances where a local is under "trusteeship" and where appointed officers, apparently with full powers in other respects, may be substituted for elected ones. There is nothing contrary to principles of natural justice in the mere fact that a judicial officer who has taken part in a decision in a lower tribunal also sits upon an appeal of the same case in a higher tribunal. That has been common practice in courts of justice. It has been done in this court in the past and upon necessity might

be done again. Rule 10 of the Rules for the Regulation of Practice before the Full Court (1926). Finally, the decision of the executive board of the Joint Council was more favorable to the plaintiff than that of the local executive board in that it substituted suspension and fine for life expulsion. We think that in these circumstances the plaintiff fails to demonstrate any prejudice to his substantial rights in the composition of the Joint Council.

Moreover, even if there had been a failure in some respect to observe the established rules in the membership of the two lower boards, the plaintiff has had the benefit of an appeal to the general executive board of the International, which had full power to review the entire case and was in no way bound by the decisions of the other boards. See *Rubens* v. *Weber*, 237 App. Div. (N. Y.) 15, 18.

We turn next to the allegations of the bill relative to the proceedings before the general executive board. The plaintiff does not assail the membership of this board. He does, however, assail the fairness of his hearing before it by means of allegations which if used in every day speech, with the inferences that might naturally be drawn from them, might point toward a denial of some of the plaintiff's fundamental rights, but which lose their impressiveness when tested by the rule that the allegations of a pleading must be those of precise fact and not of generalized conclusion and cannot be aided by the drawing of any but necessary inferences. (1) The allegation that this hearing was "predicated upon the illegal hearing before the abortive" local executive board and the Joint Council means nothing in the absence of further explanation. Being on appeal, the hearing would necessarily be "predicated" on what had preceded it. (2) The bill alleges that the members of the general executive board had a policy to punish members of the International who at any time brought suit against the International, or its officers or agents, and that the plaintiff then had a suit pending against one Jennings. But it does not appear that Jennings, although he had been appointed "trustee" of the Local, was an officer or agent of the International within the scope of this policy, or that the board knew of the suit, or that the

policy or the punishment was such as to affect the disposition of an appeal in an unrelated matter. (3) It is alleged that "the defendants" had prepared a record "for use" before the board which the plaintiff was not permitted to see, but it does not appear for what "use" it was intended, or that the board ever saw it, or that the board, or anyone by its authority, refused to permit the plaintiff to see it. (4) An allegation that the plaintiff was not "permitted to hear his accusers and refute what they had to say" is not equivalent to an allegation that the board actually heard evidence from "accusers" which it forbade the plaintiff to hear and to meet. And besides, the constitution of the International contained a provision that appeals might be heard "either on the record made before the trial tribunal or by a re-trial, in the discretion of the body hearing the appeal," and it does not appear which method was adopted in this instance. (5) The remaining allegation that "other documents were introduced before the general executive board which were not properly a part of the record and which came to the attention of the plaintiff only after the hearing had ended" involves a conclusion as to what was properly a part of the "record" and contains nothing to show that the "documents" were in any way prejudicial to the plaintiff. They may have been favorable to him. These allegations relating to the hearing before the general executive board are consistent with such disregard of the plaintiff's rights that he ought to have relief, but on the other hand they are not inconsistent with his having had a hearing in which the fundamental principles of fair play prevailed. The weakness of the bill is in its failure to demonstrate by averments of fact that the plaintiff was not accorded the essence of fair treatment by honest and reasonable men. A strict observance of all the proprieties of an established court of justice is not to be expected of tribunals of laymen set up by mutual agreement among the members of voluntary associations such as those here involved. *Richards* v. *Morison*, 229 Mass. 458, 465, 466. *Donovan* v. *Travers*, 285 Mass. 167, 174.

It has become unnecessary to consider whether the demurrers could properly be sustained on the second ground

set forth in them, that the plaintiff, before bringing suit, "failed to exhaust his remedies within the organization" when the constitution of the International required him so to do, but when it appeared that the only remaining remedy was an appeal to the next convention, which would not be held for three years and eight months. See *Mulcahy* v. *Huddell,* 272 Mass. 539; *Snay* v. *Lovely,* 276 Mass. 159, 164.

The plaintiff also appeals from the denial of his motion that the bill be taken for confessed against the Local, the Joint Council, and the International for want of appearance and answer. No decree of any kind could be entered against these voluntary associations as distinct from their individual members. The associations were not corporations. All of their members were defendants in their individual capacities, and all were represented for purposes of the suit by the individual defendants named. *Pickett* v. *Walsh,* 192 Mass. 572, 590. *Malloy* v. *Carroll,* 287 Mass. 376, 391. These named defendants had duly appeared and demurred. Their action protected the unnamed defendants.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*