WILLIAM DAMIANO, trustee in bankruptcy, *vs.* NATIONAL GRANGE MUTUAL LIABILITY COMPANY.

Suffolk.   December 7, 1943. — June 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Pleading, Civil,* Declaration, Demurrer. *Practice, Civil,* Appeal. *Contract,* Performance and breach, Consideration. *Insurance,* Motor vehicle liability insurance.

An order sustaining a demurrer to a declaration on one of several assigned grounds sustained it as a unit; a further provision in the order overruling the demurrer "otherwise" was surplusage.

All grounds assigned in a demurrer in an action at law are open on appeal from an order on the demurrer.

A declaration in an action of contract by a trustee in bankruptcy against an insurance company in which it was in substance alleged that the defendant had issued to the plaintiff's bankrupt a motor vehicle liability policy and therein had "agreed to defend in his name and behalf any suit against" him "alleging bodily injury and seeking damages

on account thereof," and that the defendant undertook such a defence but did so "negligently, fraudulently and in bad faith," sufficiently set forth a breach by the defendant of that provision of the policy.

A declaration which sufficiently sets out a breach by the defendant of a contract between the parties is not demurrable for want of an allegation that damage resulted from the breach, since, upon proof of a breach, the plaintiff would be entitled to nominal damages at least.

In an action against an insurance company for breach of a provision of a policy, an allegation in the declaration that the defendant "issued" the policy sufficiently imported that there was consideration for it.

A declaration upon a policy of insurance setting forth the legal effect of the part of the policy relied on by the plaintiff was not bad upon demurrer although it did not set forth a copy of the policy or of any part thereof.

A declaration in one count in an action of contract or tort that contained allegations of facts which might be construed as setting forth either a claim in contract or one in tort was not open to demurrer on the ground that the plaintiff had attempted to join in one count a cause of action in contract with one in tort in violation of G. L. (Ter. Ed.) c. 231, § 7, Fourth, Sixth.

CONTRACT OR TORT. Writ in the Superior Court dated January 30, 1943.

There was a hearing on demurrer by *Brogna*, J.

In this court, the case was argued at the bar in December, 1943, before *Field*, C.J., *Donahue, Lummus, Qua,* & *Cox*, JJ., and after the retirement of *Donahue* & *Cox*, JJ., was submitted on briefs to *Dolan, Ronan, Wilkins,* & *Spalding*, JJ.

*H. F. R. Dolan* & *B. D. Levinson*, for the plaintiff, submitted a brief.

*J. P. Sullivan*, (*J. B. Ely* with him,) for the defendant.

LUMMUS, J. The declaration, in a single count, alleged the following facts. The plaintiff is the trustee in bankruptcy of Edward V. Callahan, appointed on July 7, 1942. On December 27, 1939, the defendant issued to Callahan a motor vehicle liability policy, covering the year 1940, insuring Callahan against liability for bodily injury to others resulting from the operation of his motor vehicle. The limit of coverage was $5,000 for each person injured. In that policy the defendant "agreed to defend in his name and behalf any suit against said Edward V. Callahan alleging bodily injury and seeking damages on account thereof." On February 6, 1940, Callahan, while operating his motor vehicle, caused bodily injury to one Shoobridge, who

brought suit against Callahan in Suffolk County. The defendant "undertook to defend said suit in the name and behalf of" Callahan. As the result of a trial, judgment was entered against Callahan for $11,587.15, which was more than twice the amount of the policy. Consequently Callahan was compelled to file a voluntary petition in bankruptcy.

The declaration alleged that the defendant "defended said suit . . . . negligently, fraudulently and in bad faith." It contained no allegation that anyone has paid anything upon the judgment.

The defendant demurred to the declaration on three grounds, (1) that the matters set forth in the declaration are insufficient in law to enable the plaintiff to maintain his action; (2) that the plaintiff is relying upon a written instrument and has not set forth a copy of said instrument or stated the legal effect thereof, as required by G. L. (Ter. Ed.) c. 231, § 7, Eleventh; and (3) that the plaintiff has attempted to join in one count a cause of action in contract with one in tort, in violation of G. L. (Ter. Ed.) c. 231, § 7, Fourth, Sixth.

The judge made the following order upon the demurrer. "After hearing the demurrer is sustained on ground #1, and is otherwise overruled." A demurrer is a unit, and cannot be sustained on one ground and overruled on others. *Ratté* v. *Forand*, 299 Mass. 185, 187. In effect the judge sustained the demurrer. The rest of his order may be disregarded as surplusage. The plaintiff's appeal under G. L. (Ter. Ed.) c. 231, § 96, brings the case here. In this court all three grounds of demurrer are open. *Ratté* v. *Forand*, 299 Mass. 185, 187. *Daddario* v. *Pittsfield*, 301 Mass. 552, 554. *Walter* v. *McCarvel*, 309 Mass. 260, 263. *Becker* v. *Calnan*, 313 Mass. 625, 626. *Revere* v. *Blaustein*, 315 Mass. 93, 94, 95. *Siegel* v. *Knott*, *ante*, 526. Compare *Gillis* v. *Bonelli-Adams Co.* 284 Mass. 176, 180.

The demurrer cannot be sustained on the first ground of demurrer. The basis of the alleged duty of the defendant is an agreement contained in the policy. *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 144. The plaintiff's cause of action arises out of the breach of that agree-

ment. "By the express terms of the policy the defendant obligated itself to defend lawsuits. If it did not settle, it was bound to defend. . . . When a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it. . . . The plaintiff . . . can . . . maintain an action of contract if the defendant defended negligently." *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 143. It was not necessary for the plaintiff to allege any damage resulting from the breach of the agreement properly to defend. When a contract has been broken by a defendant, the plaintiff "is entitled to a verdict for nominal damages for the breach, if nothing more. For every breach of a promise made on good consideration, the law awards some damage." *Hagan* v. *Riley*, 13 Gray, 515, 516. *Holtz* v. *Western Union Telegraph Co.* 294 Mass. 543, 549. In *Sherlag* v. *Kelley*, 200 Mass. 232, 235, that doctrine was applied to a contract to perform professional services with skill and care. See also *McCarthy* v. *Boston Elevated Railway*, 223 Mass. 568, 573, 574, an action of tort. Of course a declaration is good against demurrer if it states a case for any relief, even nominal damages. *Clark* v. *Gulesian*, 197 Mass. 492.

It was not necessary to allege specifically in the declaration that there was consideration for the policy that the defendant "issued" to Callahan, in which it "agreed" to defend. True, "It is elementary that, where an action is founded upon contract, consideration must be alleged unless the contract itself implies a consideration, as in actions upon promissory notes or bills of exchange." *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 36. *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 259. *Gloucester Mutual Fishing Ins. Co.* v. *Boyer*, 294 Mass. 35, 40. *Lane* v. *Sullivan*, 302 Mass. 213. But we think the allegation in the declaration that the defendant "issued a motor vehicle liability policy to said Edward V. Callahan" amounted to an allegation of consideration. A "contract of insurance" by definition imports a consideration. G. L. (Ter. Ed.) c. 175, § 2. *Commonwealth* v. *Wetherbee*, 105

Mass. 149, 160. Some of the statutory forms of declarations upon insurance policies under G. L. (Ter. Ed.) c. 231, § 147, contain no reference to consideration beyond the statement that the defendant "made" a policy of insurance, or "insured" the plaintiff.

As to the second ground of demurrer, it was not necessary to set out a copy of the policy or of any part of it. It was enough to set out "the legal effect thereof," that is to say, of the policy or of such part of it as was relied on. G. L. (Ter. Ed.) c. 231, § 7, Eleventh. *Higgins* v. *McDonnell*, 16 Gray, 386. *Suffolk Bank* v. *Lowell Bank*, 8 Allen, 355. *Pierce* v. *Charter Oak Life Ins. Co.* 138 Mass. 151, 159, 160. *Newton Rubber Works* v. *Graham*, 171 Mass. 352. *Gillis* v. *Bonelli–Adams Co.* 284 Mass. 176, 181. "The statute does not require that in an action upon a written contract all the details contained in the contract shall be set out, but only that the substantive facts necessary to constitute the cause of action shall be stated, and that those shall be stated concisely and with substantial certainty." *Saco Brick Co.* v. *J. P. Eustis Manuf. Co.* 207 Mass. 312, 315. We think that the declaration conformed to the statute in this respect.

The declaration contained only one count. Whether it be construed as in contract or in tort, the declaration was not open to demurrer on the third ground assigned.

*Order sustaining demurrer reversed.*