GERTRUDE H. STROTHER *vs.* LOUIS I. SHAIN.

Suffolk.     February 2, 1948. — February 27, 1948.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Deed*, Validity, Alteration, Acknowledgment.  *Notary Public.  Actionable
    Tort.  Damages*, For tort.  *Pleading, Civil*, Declaration.

Averments in the declaration in an action of tort that the defendant, a
    notary public, falsely certified that the plaintiff had appeared before
    him and acknowledged a deed of land, a copy of which was annexed
    to the declaration, to be his free act and deed; that, in consequence,
    the deed, which had been altered after the plaintiff had signed it by
    the insertion of a description of certain land which the plaintiff never
    intended to convey, was recorded; and that the land afterwards was
    conveyed to an innocent purchaser for value, to the damage of the
    plaintiff, in substance alleged lack of consent by the plaintiff to the
    alteration and that the alteration preceded the certificate.
A deed of land, altered, after signature by the grantor and without his
    consent, by the insertion of a description of land which he did not
    intend to convey, was void.
An owner of land could maintain an action of tort against a notary public
    where the notary falsely certified that the plaintiff had appeared
    before him and had acknowledged to be his free act and deed a deed
    of land which, after signature by the plaintiff and before such certifi-
    cate, had been altered without his consent by the insertion of a descrip-
    tion of land the plaintiff had not intended to convey, and where, in
    consequence of the certificate, the deed was received for record and
    the land in question subsequently was conveyed to an innocent pur-
    chaser for value; and in such action the plaintiff was entitled to
    recover as damages the expense of removing a cloud from his record
    title, including any necessary steps to acquire possession of the land.

TORT.   Writ in the Superior Court dated December 3,
1946.

The declaration was amended to contain one count,
which is described in the opinion.  The defendant demurred
to the amended declaration on the grounds that it did not

"state a legal cause of action," that it did not "state any tortious act of" the defendant "which was in law the proximate cause of any damage alleged to have been suffered by the plaintiff," and that on the facts alleged "the plaintiff has sustained no damage for which an action at law lies against" the defendant.

The demurrer was sustained by *Brogna,* J., and leave to amend was denied. The plaintiff appealed.

*J. B. O'Hare,* for the plaintiff.

*S. Glassman,* (*J. J. Holtz* with him,) for the defendant.

WILKINS, J. The one count in the declaration in this action of tort alleges that "on or about March 17, 1941," the defendant, a notary public, with intent to injure and defraud the plaintiff, falsely certified that the plaintiff had appeared before him and acknowledged a deed, a copy of which is annexed, to be her free act and deed, whereas, in fact, the plaintiff never appeared and acknowledged it; and that, in consequence, the deed, which had been altered after it had been signed by the plaintiff by the insertion of a description of land of the plaintiff in Franklin, was recorded in the Norfolk registry of deeds, and the land in Franklin, which the plaintiff never intended to convey and for which she received no consideration, was thereafter conveyed to an innocent purchaser for value, "All to the damage of the plaintiff." The annexed deed, dated January 7, 1941, names one Davis as grantee, contains the description of a parcel of land in Franklin and the description of parcels of land in Bellingham and Medway, and purports to have been acknowledged before the defendant as notary public on March 27, 1941, and to have been recorded on March 31, 1941.

Contrary to the contentions of the defendant, we think that it is alleged in substance that the alteration was made without the plaintiff's consent and before the defendant certified that the plaintiff appeared before him. Lack of consent is shown by the allegation that the plaintiff never intended to convey the land in Franklin. That the alteration preceded the defendant's certificate is found in the allegation that the defendant falsely certified that the

plaintiff appeared and acknowledged the deed a copy of which in the allegedly altered form is annexed.

The acknowledgment was necessary to enable the deed to be recorded. G. L. (Ter. Ed.) c. 183, § 29. *McOuatt v. McOuatt*, 320 Mass. 410, 413, and cases cited. But neither acknowledgment nor recording could confer validity upon an invalid instrument. *New England Bond & Mortgage Co.* v. *Brock*, 270 Mass. 107, 111. The deed did not take effect as the deed of the plaintiff because, on the allegations, after signing and before the purported acknowledgment there was inserted the description of the land in Franklin. This would not bind the plaintiff even without fraud. *Howe* v. *Peabody*, 2 Gray, 556, 557. *Kidder* v. *Greenman*, 283 Mass. 601, 609, and cases cited. Williston, Contracts (Rev. ed.) § 1913. See 2 Am. Jur., Alteration of Instruments, § 55; 26 C. J. S., Deeds, § 68. Compare *Moelle* v. *Sherwood*, 148 U. S. 21, 27; *Havens* v. *Osborn*, 9 Stew. (N. J.) 426. The making of a false certificate as notary public, as alleged, would be a violation of G. L. (Ter. Ed.) c. 267, § 1. Under the general averment of damages the plaintiff can recover such damages as are the direct result of the defendant's wrongful act. *McCarthy* v. *Boston Elevated Railway*, 223 Mass. 568, 573. *Antokol* v. *Barber*, 248 Mass. 393, 395. *Bilodeau* v. *Maffei*, 309 Mass. 237, 238. See *Sherlag* v. *Kelley*, 200 Mass. 232, 236; *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 629. Upon the allegations, the plaintiff has sustained as damage the expense of removing a cloud from the record title. *Nickerson* v. *Loud*, 115 Mass. 94, 97. *Sawyer* v. *Cook*, 188 Mass. 163, 170. *Solis* v. *Williams*, 205 Mass. 350, 352. *Alexander* v. *Davis*, 42 W. Va. 465. This would include any necessary steps to acquire possession of the land. G. L. (Ter. Ed.) c. 240, § 1. *Mead* v. *Cutler*, 208 Mass. 391, 392. *Daley* v. *Daley*, 300 Mass. 17, 21.

It is unnecessary to consider other grounds of damage argued by the plaintiff.

The order sustaining the demurrer is reversed, and an order is to be entered overruling the demurrer.

*So ordered.*